## 10264

### SMITH v. ATLANTIC COAST LINE R. CO.

#### (100 S. E. 148.)

1. APPEAL AND ERROR—FINDING REVIEWED TO DETERMINE IF EVIDENCE TO SUSTAIN THEM.—The Supreme Court will not review findings of Circuit Court, except for purpose of determining whether there is any evidence whatever to sustain them.

2. RAILROADS—WHEN ACTION LIES AGAINST CARRIER AND NOT DIRECTOR GENERAL IN FEDERAL CONTROL.—The consignee can recover penalty against railroad in action against railroad, instead of against Director General of Railroads, where action was commenced and cause of action arose before issuance of General Order No. 50.

Before MOORE, J., Sumter, Fall term, 1918. Affirmed.

Action by W. P. Smith against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Mark Reynolds* and *L. D. McLemore,* for appellant. *Mr. Reynolds* cites: *As to ownership of goods in question:* 2 Am. & Eng. Ency. Law 810; 6 Cyc., p. 426. *Real party in interest must sue:* Code of Civil Procedure, secs. 160-162; 75 S. C., p. 311.

*Mr. R. D. Epps,* for respondent (no citations).

August 25, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The record contains this statement:

"This action was commenced in the magistrate's Court August 30, 1918, to recover one hundred dollars ($100.00), and costs, to wit, fifty-six dollars, the alleged value of the carload of wood and forty-four dollars penalty, six dollars of the penalty being expressly waived. The car was alleged to have been shipped on or about the 26th January, 1918, from Swimming Pens Siding, to the plaintiff, at Sumter,

S. C., within a reasonable time after the said shipwood was lost through the negligence of the defendant, and a claim of fifty-six dollars was filed with the agent at Sumter, S. C., within a reasonable time after the said shipment should have arrived.

"The case was tried before the magistrate without a jury on September 27, 1918. The magistrate reserved his decision until November 9, 1918, when he rendered a verdict for one hundred dollars for the plaintiff, as sued for. A motion for a new trial was made before the magistrate on the following grounds:

"1. Evidence showed that R. E. Brown, the shipper, was the owner of the shipment and the real party in interest.

"2. That Smith, the plaintiff, had no interest whatever in the cause of action; Brown having testified that the loss would be his, that Smith had made no obligation to pay, nor was there any charge on his books against Smith for shipment.

"3. That there was no evidence whatever that Smith was the consignee aggrieved, or any evidence that Smith had authorized the suit, and the verdict is without any evidence to support it.

"This motion was overruled and appeal was taken to the Circuit Court, on the same exceptions to the Supreme Court herein.

"Synopsis of Answer: For a first defense: That the A. C. L. R. R. Company did not enter with plaintiff into the transaction alleged in the complaint, because at the time this alleged defendant was not carrying on business of common carrier and was not operating business of railroad carrier, between the points named in the complaint, but prior to that time the U. S. government had taken entire charge of the railroad property and facilities of this defendant, and was operating same, to the complete exclusion of this defendant.

"For a second defense: General denial.

"For a third defense: That the defendant railroad company is now being operated by the U. S. government as a war measure, and that it has been so operated for some time prior to the movement of the shipment referred to in the complaint, and that no penalty can be awarded in this case against the defendant, as it would be in effect an award of a penalty against the United States, and that the application of a penalty by State statutes is necessarily suspended while the United States is operating the defendant road.

"The Circuit Judge affirmed the judgment of the magistrate, and the defendant appealed to the Supreme Court from the said judgment."

The defendant appealed upon the following exceptions:

"1. Because there was no evidence that W. P. Smith, the plaintiff, was the owner of the shipment and the real party in interest, and the magistrate erred in holding that he was the real party in interest.

"2. Because there was no evidence that W. P. Smith, the plaintiff, had any interest whatever in the cause of action; Brown having testified that if he lost the case the loss would be his, and in further testifying that Smith had made no obligation to pay for the said shipment, nor was there any charge on his books for the shipment.

"3. Because the magistrate erred in rendering a judgment for the penalty, when there was no evidence whatever that Smith was the consignee aggrieved, and because there was no evidence whatever that the plaintiff authorized any suit in this case, nor that any penalty be collected against the defendant.

"4. Because the magistrate erred in rendering a judgment for the penalty, as the operation of the railroad by the United States government would necessarily preclude the awarding of a penalty against the government.

"5. Because the verdict was without any evidence to support it."

In so far as the exceptions assign error in the findings of fact by the Circuit Court, they are not reviewable by this Court, except for the purpose of determining whether there was any testimony whatever tending to sustain such findings. Without undertaking to discuss the testimony in detail, we are satisfied that there was evidence to that effect. The exceptions in that respect are, therefore, overruled.

The only other question raised by the exceptions is whether there was error in allowing the penalty, amounting to $44. In deciding this question, it will be necessary to consider whether the action should have been brought against the defendant, or against the Director General of Railroads. The record shows that the case was tried before the magistrate on the 27th of September, 1918. Therefore it was commenced, and the cause of action arose, before the issuance of General Order No. 50, on the 28th of October, 1918, which contains the proviso that "This order shall not apply to actions, suits, or proceedings, for the recovery of fines, penalties, and forfeitures."

Affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. JUSTICE FRASER. I dissent. The consignee does not testify. The shipper, who does testify, admits that the loss, if any, is the loss of the shipper, and not of the consignee. I do not see how the consignee can recover, when he never had title to the wood, and is not to lose in case this suit shall fail.