### 10349

## JACKSON-TWEED LUMBER CO. v. SOUTHERN RY. CO.
### (101 S. E. 924.)

1. RAILROADS—ACTION FOR PENALTY ARISING OUT OF FEDERAL CONTROL NOT MAINTAINABLE.—The proviso in General Order No. 50 of Director General of Railroads that the order should not apply to suits for recovery of fines, penalties, or forfeitures, does not permit suits against railroads for penalties incurred under local laws by reason of acts of agents of the government.

2. WAR—POWER OF CONGRESS SUPREME.—The power of Congress in the emergency of war is supreme, and local laws must yield when they conflict with it.

Before WILSON, J., Sumter, at chambers, August, 1919. Reversed.

Action by the Jackson-Tweed Lumber Company against the Southern Railway Company. From an order refusing its motion to set aside the service of the summons and complaint, defendant appeals.

*Messrs. W. D. Barnett* and *M. G. McDonald,* for appellant, submit: *I. A. McClure, upon whom service of summons and complaint was had in this action, was not at the time of such service an officer, agent or employee of the corporation, Southern Railway Company, but, on the contrary, was at such time the agent, solely and only, of the United States Government, acting through the Director General of Railroads: Castle v. Southern Railway Company,* 90 S. E. 846; General Orders Nos. 1 and 8 of the Director General of Railroads; General Order No. 50a; General Order No. 50; *Southern Cotton Oil Co. v. Atlantic Coast Line Railroad Company,* Fed. Rep. 138 (Advance Sheet, July 17, 1919) ; 254 Fed. 880; *Rutherford v. Union Pacific Railroad,* 254 Fed. 880; *Northern Pacific Railroad v. State of North Dakota,* U. S. 502 (63 L. Ed.) ; *Telephone Company v. State of South Dakota,* U. S. 507 (63 L. Ed.) (Advance Sheet, July 15, 1919) ; *Telephone Company v*

*City of Houston,* Fed. 690 (Advance Sheet, July 3, 1919). *The Southern Railway Company is not liable to be sued in this action:* 99 S. E. 846; General Order No. 50a. *The Director General is exclusively liable in suits arising out of Federal control, and suits for the recovery of penalties, fines and forfeitures are eliminated:* General Order No. 50 and General Order No. 50a. *Defendant corporation is not liable in this action because under the penalty statute there must be a recovery of the amount of the claim before there can be any of the penalty, and General Order No. 50a plainly directs that suits for claims for loss of property be brought exclusively against the Director General:* General Order No. 50a; 36 Cyc. 1162, and cases thereunder. *A State cannot regulate intrastate rules of railroad, telegraph and telephone companies, when the same are under Federal control: Northern Pacific Railroad Company v. State of North Dakota, supra; Telephone Company v. State of South Dakota, supra; Telephone Company v. City of Houston, supra.*

*Mr. J. H. Clifton,* for respondent, submits: *The defendant is liable to be sued in such an action as the one at bar:* U. S. Comp. St. 1918, 1974a, note; General Orders No. 50 and 50a contain the following clause: *"Provided, however, That this order shall not apply to actions, suits or proceedings for the recovery of fines, penalties and forfeitures," and it is the clear meaning of this clause that actions like the one at bar are to be excepted from the operation of the general terms of General Orders Nos. 50 and 50a:* 100 S. E. 148.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from an order of the Circuit Court refusing its motion to set aside the service of the summons and complaint herein. The motion was made on two grounds: (1) That the person served was not the agent of defendant, but the agent of the Director General operating

the railroads under Federal control; and (2) that the causes of action arose out of the operation of defendant's railroad by the Director General, and, therefore, defendant is not liable.

It is alleged in the complaint that in December, 1918, plaintiff delivered to defendant at Wagener, S. C., eight mules for shipment to Sumter, S. C., and that one of the mules was removed from the car, or lost in transit, and was never delivered to plaintiff; that in January, 1919, plaintiff filed a claim with defendant's agent at Sumter for $300, the value of the lost mule; and that defendant failed to pay the claim within the time provided by statute. The action was brought in July, 1919, to recover $300, the alleged value of the mule, and the statutory penalty for failure to pay the claim. Service was made on the agent at defendant's depot at Sumter.

It will be seen that the causes of action arose out of the operation of defendant's railroad by the Director General, after the passage by him of General Order No. 50, which requires that all such actions shall be brought against him, and not otherwise. The case is, therefore, controlled by the decision in *Castle v. Southern Ry. Co.,* 99 S. E. 846. The case of *Smith v. Railroad Co.,* 100 S. E. 148, was brought and tried before the passage of General Order No. 50, and is, therefore, not in point.

Respondent contends, however, that General Order No. 50 does not apply to this action, because it is, at least in part, an action to recover a penalty, and comes within the proviso to General Order No. 50, which reads: "*Provided, however, That this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties, or forfeitures.*"

Respondent construes the proviso to mean that actions for penalties given by local statutes on account of acts or

omissions arising out of the operation of the railroads by the government may be brought against the railroad companies as before, when the companies were operating them.   We do not so construe it.   The order says that the railroad companies are not responsible on causes of action growing out of the possession, use, control, or operation of any railroad by the Director General, and, therefore, it requires all such actions to be brought against the Director General, and then follows the proviso, which we construe to mean that actions for fines, penalties, or forfeitures arising out of Federal operation shall not be brought against the Director General.   In other words, the government, through the Director General, consents to be sued on claims for actual loss or damage arising out of its operation of the railroads, but declines to consent to be sued for fines, penalties, or forfeitures.

We do not think the proviso can be construed as a permission to sue the railroad companies for fines, etc., incurred under local laws by reason of the acts or omissions of the agents of the government.   If the railroad companies are not liable on causes of action growing out of the operation of their roads by the agents of the government, they cannot be made liable for penalties for failing to pay claims based on such causes of action; in other words, if defendant is not liable for the loss of plaintiff's mule, it is not liable for a penalty for failing to pay the claim therefor.

It is said that the effect of this construction is to nullify the statute of the State, and so it does during Federal control; for the power of Congress in the emergency of war is supreme, and local laws must yield when they conflict with it.

Order reversed.