## 10350

### HARMON v. SOUTHERN RAILWAY CO.

#### (101 S. E. 926.)

RAILROADS—PENALTY INCURRED DURING FEDERAL CONTROL, NOT RECOVERABLE.—Since, on taking control of the railroads the Federal government, by order, provided for ordinary suits delict, but announced that it could not be sued for a penalty, a railroad company is not liable for any misfeasance while its road is operated by the government or its agents, and a service of summons against the railroad company for such a misfeasance should be set aside.

Before MAULDIN, J., Lexington, April term, 1919. Reversed.

Action by T. L. Harmon against the Southern Railway Company. From an order refusing to set aside a service of summons, the defendant appeals.

*Messrs. George B. Cromer* and *C. M. Efird,* for appellant. Mr. Cromer submits: *The lines of the Southern Railway Company are controlled and operated by the Director General of Railroads, and, even if the company did not have*

*immunity from suit during government control, service of the summons upon an employee of the government is invalid in an action against this defendant:* General Order No. 50; 99 S. E. 846; *Northern Pacific Railway Co. v. State of North Dakota,* 249 U. S. —; 63 L. Ed. —; General Order No, 8, section 5; 258 Fed. 945.

*Messrs. Timmerman, Graham & Callison,* for respondent.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Mauldin in refusing to set aside the service of summons.

The exception alleges that "It was error not to set aside the service of the summons on the ground that at the time of the attempted service the defendant was not operating the railroad from Columbia to Augusta, and was not maintaining an agency at Lexington, but that the Southern Railway System was under the control and direction of the Director General of Railroads, and the service upon his agent was invalid as to this defendant, and did not give the Court jurisdiction."

When the government took control of the railroads, by an order, it provided for ordinary suits delict, but announced that it could not be sued for a penalty, fine, or forfeiture at the hands of a citizen.

There is no doubt that the government was in control of the defendant's road when the alleged delict occurred, and how the railroad can be liable for any misfeasance while it is operated and controlled by the government and the agents of the government we are at a loss to understand.

The railroad could answer and say, If the delict occurred, as you allege, we are not liable, our agents and servants were not operating the railroad; we were not, but it was being

operated by the government. They refused to pay a penalty; we cannot be made to pay, as we were not operating the road at that time.

See what Mr. Justice Hydrick says in *Jackson-Tweed Lumber Co. v. Southern Railway Co.,* 101 S. E. 924. This would be a complete defense in this case. We are in doubt whether in the present case, a motion to set aside a service, this question should be determined; yet, in furtherance of justice and a 'desire to end litigation and to send it back, when the inevitable result would be the same, we have concluded to reverse the order appealed from.

Reversed.