## 10419

### ROSE v. SOUTHERN RAILWAY COMPANY *ET AL.*

#### (103 S. E. 476.)

RAILROADS — SERVICE OF PROCESS DURING FEDERAL CONTROL HELD INVALID.—The fact that the government operated the railroads under their distinctive names did not have the effect of conferring upon the operating officers or employees a dual capacity of agent, both for the government and for the corporation, employees being agents only for the Director General of Railroads, and service of summons and complaint upon such employee was not service upon the railway.'

Before WILSON, J., at chambers, January, 1920. Reversed.

Action by Seaborn Rose against Southern Railway Company and Walker D. Hines, Director General of Railroads. Motion by Southern Railway Company to set aside the summons as to it, and upon refusal of motion, the railway company appealed.

*Messrs. W. D. Barnett* and *M. G. McDonald,* for. appellant, cite: *Operation of railroads by the government in their own names did not confer on operating officials a dual capacity:* 112 S. C. 407; 99 S. E. 846; 101 S. E. 926. *Suit should have been against Director General exclusively:* 112 S. C. 407; 99 S. E. 846; 101 S. E. 924; 101 S. E. 926; G. O. No. 50.

*Marion W. Seabrook,* for respondent, oral argument.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Wil
son, refusing to set aside the service of summons and com
plaint made upon the Southern Railway Company.

The exceptions raise the issues:

"Is the defendant, Southern Railway Company, liable to
be sued in this action, or should the action be brought exclu
sively against the Director General of Railroads?"

"Was J. A. McClure, at the time of the service of the
summons and complaint upon him, an agent or employee of
Southern Railway Company, or was he at such time an
agent solely and only of the United States government in
operation of said railroad through the Director General of
Railroads?"

The cause of action arose during the Federal control and
the Director General was in operation of the Southern Rail
way Company, and the case of *Castle v. Southern Railway
Co.,* 112 S. C. 407, 99 S. E. 846, is controlling on the ques-
tion of agency.

The fact that the government operated the railroads
under their distinctive names did not have the effect of con
ferring on the operating officials or employees a dual capac-
ity of agent both for the government and for the corpora-
tion. *Harmon v. Hines, Director General of Railroads,*
113 S. C. 188, 101 S. E. 926.

His Honor was in error in deciding at the time of service
upon him that McClure was the agent of the Southern Rail-
way Company.

This action is exclusively against the Director General of
Railroads. It is no longer an open question, having been
passed on by this Court in *Castle v. Railway Co.,* 112 S. C.
407, 99 S. E. 846; *Jackson-Tweed Lumber Co. v. Southern
Railway Co.,* 113 S. C. 236, 101 S. E. 924, and *Harmon v.
Southern Railway Co., supra,* and *Grant v. Hines, Director
General,* 114 S. C. 89, 102 S. E. 854, by Justice Fraser,
April 14, 1920.

The judgment is that the order appealed from is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK.
FRASER and GAGE concur.