### 8491

### WEBBER v. TOWN OF JONESVILLE.

1. VERDICT—NEW TRIAL.—Error, if any, in refusing to direct a verdict is cured by granting new trial.

2. OFFICERS—CITIES AND TOWNS—REAL PROPERTY—PUNITIVE DAMAGES.— Where a mayor of a town as such orders the street force to enter the premises of a citizen, open and grade a street thereon and remove therefrom a large tree, without the town having acquired the right to do so by due process of law, the citizen may recover punitive damages against him as an individual.

3. REAL PROPERTY—IBID.—A citizen proving title and possession to land is entitled to recover possession as against the town and its officers. who entered for the purpose of locating a street, without showing right to the possession.

4. JOINT TORT FEASORS—OFFICERS—NEW TRIAL.—Public officers are not excluded from the rule of joint and several liability of joint tort feasors, but when a verdict is returned as to all and the Court is of opinion a new trial should be granted as to some, and the damages are uncertain, it is better to grant a new trial as to all. *Carson v. Ry.*, 68 S. C. 55, and *Bedenbaugh* v. *Ry.*, 69 S. C. 1, *distinguished from this case.*

5. CHARGE—NEW TRIAL.—Where the Court instructs the jury not to return a verdict against one of several alleged joint tort feasors and a verdict is returned against all, the record not disclosing whether it was inadvertent or intentional, this Court will reverse the judgment, notwithstanding the plaintiff offers to remit as to the one. MR. JUSTICE WATTS, *the* CHIEF JUSTICE *concurring, dissents.*

Before SEASE, J., Union, May term, 1912.    Modified.

Action by Lucindy W. Webber against the town of Jones-ville, John T. Scott, John M. Gault, Geo. H. Fairbanks, F. M. Ellerbe and John C. Mobley.    Defendants appeal.

*Messrs. Wallace & Barron,* for appellants, cite: *If evidence is not sufficient to bind one party, new trial should be granted as to all:* 73 S. C. 181; 82 Ind. 132; 16 Fed. R. 839; 1 Tenn. 262; 4 Humph. 273.    *On allegation of specific negligence, evidence of other negligence is incompetent:* 45 S. C. 276.

*Messrs. Butler & Hall* and *James Munro,* contra, cite: *After argument and instructions it should be assumed jury did not intend to find against town for damages:* 47 S. C. 358.    *Scott is liable for punitive damages:* 65 S. C. 1; 78 S. C. 116; 52 S. C. 323.    *Condemnation must be strictly pursued:* 21 S. C. 106; 37 S. C. 387.    *Public officers are not excluded from rule of joint and several liability:* 38 Cyc. 463, 483; 68 S. C. 55; 69 S. C. 1; 65 S. C. 341; 1 Mill 333; 1 Bay. 15; 29 Cyc. 735.    *New trial may be granted as to some and refused as to others:* 191 Ill. 57; 8 Ia. 174; 60 Kans. 157; 103 Ky. 534; 12 Mich. 398; 67 Neb. 223; 4 How. Pr. 265; 2 Tex. Civ. App. 357; 10 Abb. N. Cas. 28; 621 How. Pr. 331; 172 U. S. 534.    *Liability of officers as individuals:* 38 Cyc. 463; 106 U. S. 196; 44 S. C. 168. *Instruction to agent communicated to adverse side is competent:* 61 S. C. 292.    *Verdict should be taken as excepting the town:* 47 S. C. 358.

March 27, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WATTS.    This was an action by the plaintiff against the town of Jonesville and the mayor and aldermen of the said town, the other defendants, for the recovery of the possession of about three hundred square feet of land and for actual and punitive damages for one thousand dol-

lars. The plaintiff alleged, among other allegations, that on or about the first day of July, 1910, the defendants, against her protest and in violation of law and with intent to injure the plaintiff in her said property and humiliate her in the eyes of the community, unlawfully and with wilful disregard of the objections and entreaties of the plaintiff and of the provisions and requirements of the law, entered upon said land and procured others to enter upon the lot and aided and abetted them in so doing and forcibly took possession of about three hundred square feet of the most valuable part thereof, which was in the rear of her house, and dug up the soil, destroyed shade and other trees, and ignored her appeals and treated her with contempt and ridicule, and that the injury to her property was caused by wilful and malicious intent of the defendants to take from her the property without compensation, all of which they did negligently, knowingly and wilfully, and she asked for the possession of the property and for damages.

The answer, was a denial of the material allegations of the complaint, and the defendants, other than the town of Jonesville, alleged that they were mayor and council of the town of Jonesville, and in pursuance of their duties as officers of the town they had caused certain streets to be worked, and that all of their acts in so doing were in their official capacity and were for the improvements of the streets, and had been for the benefit and enhancement of the value of the property located on said street.

The case was tried before his Honor, Judge Sease, and a jury, at the May term of Court, 1912.

At the conclusion of the evidence, the defendant moved for a direction of a verdict as to the allegations of any cause of action for tort against the town of Jonesville, and as to allegations of wantonness and wilfulness and punitive damages as to all of the defendants. His Honor, the Circuit Judge, refused this motion, but instructed the jury:

"That as to damages, you must write a verdict in favor of the town of Jonesville; that is, the incorporated town of Jonesville, because no damages can be recovered against a town for the wilful or negligent conduct of its officers duly elected and appointed. A town is a part of the State government, and the State cannot be sued except by permission, as for a tort, nor can a town be sued except by legislative enactment for damages by reason of a tort. So you will discard that; without instructing you to write a verdict on that, you will discard that from your consideration; that is, there will be no verdict in regard to damages against the town of Jonesville."

The jury rendered a verdict against the defendants for one hundred and fifty dollars for punitive damages. Upon rendition of verdict, plaintiff's attorneys, in open Court, stated that no judgment for punitive damages would be entered against the town of Jonesville. The defendants made a motion, on the minutes of the Court, for a new trial upon the ground that there was no evidence to sustain the verdict, especially as to punitive damages; which motion was granted by his Honor to the defendants, Gault, Fairbanks, Ellerbe and Mobley, as to the verdict against them for punitive damages, but he refused to grant a new trial and set aside the verdict for the recovery of the land and as to the verdict against the defendant, John T. Scott, mayor, for punitive damages.

In the order, no mention was made as to the verdict for punitive damages against the town of Jonesville. In view of the fact that his Honor instructed the jury that they could not find a verdict for punitive damages against the town of Jonesville, and plaintiff, conceding that the judgment should not include any, and inasmuch as his Honor set the verdict aside as to all of the defendants, except Scott, as to punitive damages, and plaintiff stands ready and willing to remit them in the judgment, and plaintiff did not appeal from Judge Sease's order granting new trial, we see

no reason to consider any of the exceptions made by the defendants, except those of the defendant, Scott, and the town of Jonesville, that of the town of Jonesville being those other than those as to punitive damages.

The judgment, as appealed from, being nothing but that the plaintiff is entitled to recover as against all of the defendants the land sued for and one hundred and fifty dollars damages against John T. Scott, it is unnecessary to consider any of the exceptions raised by any of the appellants except these two. The plaintiff is directed, within ten (10) days after the remittitur is sent down, to remit on the judgment the damages of one hundred and fifty dollars found against the town of Jonesville.

As to the exceptions that charge error on the part of the Court in not directing a verdict in favor of all of the defendants as to punitive damages, we see no error there, as there was sufficient testimony to carry the cause to the jury, and if there was no testimony, the action of the Court, after verdict, in granting new trial as to all of the defendants, except Scott, cured any mistake, if made, as that order only leaves judgment against Scott for punitive damages, and it remains to be seen if there was any testimony to go to the jury that he acted unlawfully or wilfully. There was testimony that the land in dispute was worked by the street hands, employed by the town of Jonesville. That Scott was mayor, and that a poplar tree was cut down by those working by the direction of Scott, and that he gave them orders to move the tree, straighten up the streets and improve them. There was evidence to show that plaintiff had title to the land in dispute and in actual possession of the same, when she was deprived of the said possession by the town. It was for the jury to say, under all of the facts of the case, whether or not, in taking possession of her property and destroying her tree under orders of Scott, it was an arbitrary attempt to deprive her of her property without due process of law, and

that the fact that Scott was mayor of the town, backed by the police authority of the town, with power to give the police orders, that this did not deny to the plaintiff the quiet and peaceable enjoyment of her property guaranteed by the Constitution, and whether or not, it was not in effect, a high-handed attempt on the part of Scott to acquire the property without just compensation being made therefor, as required by the Constitution (art. I, sec. 17), and was likewise inimical to art. I, sec. 5, of the Constitution, which provides that a person shall not be deprived of his property without due process of law. The fact that Scott was an officer, did not excuse him, if he was guilty, as an individual, of an illegal attempt on his part to take the property of the plaintiff without compensation and deprive her of her property without due process of law, by oppressively ordering the street hands, subject to his orders and control, to take possession of plaintiff's property. A municipal corporation is not allowed to carry into effect an illegal act. In the case of *Vesta Mills Co.* v. *City of Charleston,* 60 S. C. 1, 38 S. E. 226, and *Wilkins* v. *Gaffney,* 54 S. C. 199, 32 S. E. 299, it was held that when a municipal corporation is attempting to carry into effect an illegal act it may be enjoined if there are grounds for equitable interference.

"Punitive damages may be recovered in cases of wilful invasion of a private right, where the conduct of the offender is malicious, wanton, wilful, reckless, and where there is an utter disregard of the rights of another, or recklessness." *Oliver* v. *Railroad Co.,* 65 S. C. 1, 43 S. E. 307; *Bussey* v. *Ry.,* 78 S. C. 116, 58 S. E. 1015.

As to the exceptions on the question of land in dispute: The plaintiff proved title and possession of the land in dispute; there was testimony that the entry by the defendants was unlawful and wrongful and defendants failed to satisfy the jury that they had title or right of possession, and we see no reason why the verdict of the

jury, on this issue, should be disturbed, as there was testimony to sustain their verdict.

The Constitution provides that, "Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being made therefor." Art. 1, sec. 17, Constitution of South Carolina.

Sections 1343, 1392, 1393, 1985, Code of Laws, 1902, provides the authority and practice to pursue in acquiring the right and manner of condemnation and compensation, and if a town, or its officers, take possession of the land of another, without the consent of the owner, in any way than that provided by law, the taking and possession is unlawful and wrongful, and the owner of the land may recover the same. *Tompkins* v. *Railroad Co.,* 37 S. C. 387, 16 S. E. 149.

The exceptions charging error in granting a new trial as to the defendants, other than the appellant, Scott, on the ground that a greater burden is put upon him than was contemplated by the jury, is not tenable, as it is within the province of the trial Judge to grant a new trial in any case where several are sued and the verdict is against all or more than one, if, in his opinion, the evidence does not sustain the verdict as to some, but does as to others. He can grant it as to some, and leave it as to others.

"The liability of the defendants is joint and several, and public officers are not excluded from the rule." 38 Cyc. 463, 483; *Carson* v. *Ry. Co.,* 68 S. C. 55, 46 S. E. 525; *Bedenbaugh* v. *Ry. Co.,* 69 S. C. 1, 48 S. E. 53.

"Each joint trespasser against whom a joint action is brought is liable for the whole injury." *Whittaker* v. *English,* 1 Bay. 15.

"As a general principle, in cases where the defense of 'act of the State' cannot be successfully interposed, the public officer will be responsible to the injured party for his personal acts of wrongdoing, although committed by virtue of

his office." 38 Cyc. 463; *U. S.* v. *Lee,* 106 U. S. 196, 27 Law Ed. 171; *Parks* v. *City of Greenville,* 44 S. C. 168, 21 S. E. 540.

Exceptions charging error on the part of the trial Judge in charging the jury and the admission of certain testimony over objection. These exceptions cannot be sustained, because the charge, taken as a whole, was free from error and not prejudicial to the defendants, and the testimony admitted was responsive to the issues to be submitted to the jury and was not incompetent, and prejudicial to the defendants. An examination of all the exceptions, convinces us of no error that would justify a reversal, and, therefore, all of the exceptions are overruled and judgment affirmed, with instructions to the plaintiff to remit, within ten (10) days after the remittitur reaches Circuit Court, all punitive damages found by verdict of jury against the town of Jonesville.

MR. CHIEF JUSTICE GARY *concurs.*

MR. JUSTICE HYDRICK, *concurring and dissenting.* We concur in affirming the judgment against all the defendants for the recovery of the strip of land sued for, but we think the Court erred in allowing the verdict for punitive damages to stand against the defendant, Scott, after granting the other defendants a new trial. While it is true that the liability of tort feasors is joint and several, and all, or any one or more of them, may be sued in the same action, and a recovery may be had against all, or any one or more of those who are joined as defendants; or, the plaintiff may bring several actions and recover several judgments against them, as he may elect, and he may even recover different amounts against them, and while it may also be true that the Court has the power to set aside a verdict as to one or more of the defendants and allow it to stand as to the others, when they are sued jointly, neverthe-

less, we think this should be done, when the verdict is joint, only where it is reasonably certain that no injustice will result to the defendant or defendants against whom the verdict is allowed to stand. The discretionary power of granting new trials should always be exercised so that injustice will not be done, if it can be avoided.

It is the province of the jury, and not of the Court, to assess damages. Nevertheless, in cases where the amount of damages sustained as the result of a tort is certain, there might be no injustice in setting aside the verdict therefor as to one or more of the defendants and allowing it to stand as to the other or others, for the latter, being both jointly and severally liable therefor, the plaintiff has the right to look to him or them alone.

But where the amount of damages is uncertain, and dependent, in a great measure, upon the ability of the defendants, or some of them, to pay, and upon the discretion of the jury, as in this case, where punitive damages alone were awarded, the verdict should not be set aside as to one or more of the defendants, without setting it aside as to all, except, perhaps, under special circumstances from which it may appear reasonably certain that no injustice will be done.

In this case, the jury awarded a verdict for $150, punitive damages, against six defendants, to wit, the town of Jonesville, Scott, Gault, Fairbanks, Ellerbe and Mobley. In estimating punitive damages, the jury have the right to consider the ability of the defendants to pay. And while there was no testimony as to the wealth of any of the defendants, yet we know that juries consider such matters, when they know the facts, even in the absence of testimony. Who can say that the jury would have rendered the same verdict against Scott, if his liability and ability to pay had alone been considered? Let us suppose the case of a poor man and a rich man, joined as defendants in an action of tort. Even without any testimony as to their wealth, the jury, if

they knew that one was a man of wealth, would probably render a much larger verdict against the two, where the amount was in their discretion, than they would have rendered against the poor man, if they had thought that he alone would have to pay it. Now, would it be just to set aside the verdict as to the rich man and.allow it to stand as to the other? An amount which would be moderate punishment for the one might result in financial ruin to the other. It stands to reason that the jury rendered a bigger verdict against all the defendants, supposing that all would have to share the burden, than they would have rendered against any one of them. Therefore, to set it aside as to all except one imposes upon that one a greater burden than the jury intended he should bear, and the result is that the Court indirectly becomes the assessor of damages against him, and not the jury, which violates the spirit, if not the letter, of the right of trial by jury. See *Washington Gas Light Co.* v. *Lansden,* 172 U. S. 534, 43 L. Ed. 543, and *Albright* v. *McTighe,* 49 Fed. 817, which is cited with approval in the former case. In *Carson* v. *Ry.,* 68 S. C. 55, 46 S. E. 525, and *Bedenbaugh* v. *Ry.,* 69 S. C. 1, 48 S. E. 53, the actions were against master and servant, and *the jury* found against the master and in favor of the servant. Therefore, those cases are not in point. But suppose the jury had found a heavy verdict against both, would it have been fair to the servant to let it stand as to him, and set it aside as to the railroad company?

There is another reason why we think the verdict should have been wholly set aside. The Court clearly and positively instructed the jury that they must not find a verdict against the town for damages. In the face of this instruction, the verdict was against all the defendants, including the town, for damages. This may have been a mere inadvertence or it may have been intentional. The record does not disclose, and we. are left to conjecture, whether it was the one or the other. As that

question cannot now be deteimined with certainty, there is only one safe course to pursue, and that is to set aside the verdict.    In *Thompson* v. *Lee,* 19 S. C. 491, the Court said: "The jury are bound to take the law of the case from the Court, and whenever they undertake to disregard the instructions of the Court as to the law, their verdict should be promptly set aside and a new trial ordered.    We need not undertake to add anything to what is so well said in the case cited upon this point (*Dent* v. *Bryce,* 16 S. C. 14) as it must be manifest that any other course would be utterly at variance with the principles governing a trial by jury, and would tend to undermine the authority of the Court."

The verdict for damages must, therefore, be set aside, and a new trial granted to all the defendants on that issue.

MESSRS. JUSTICES WOODS *and* FRASER *concur.*