## 10403

### GRANT v. DIRECTOR GENERAL OF RAILROADS *ET AL.*

#### (102 S. E. 854.)

1. RAILROADS—SUBSTITUTION OF DIRECTOR GENERAL FOR RAILROAD WITHOUT NOTICE HELD UNAUTHORIZED.—Where plaintiff sued a railroad under Federal control and one of its employees for injuries, it was error to substitute the Director General in place of the railroad without notice of the motion made at the trial, though the attorneys for the railroad usually represented him, and he was not in default, because they refused to file an answer.

2. JUDGMENT—TRIAL—DEFAULT IN PERSONAL INJURY ACTION DOES NOT ADMIT ALLEGATIONS OF COMPLAINT.—A default in a personal injury action does not admit the allegations of a complaint, so a charge that where the Director General of Railroads, who was substituted as a party, defaulted, he admitted the allegations of the complaint, was erroneous; the error in such charge not being cured by a charge that plaintiff was bound to prove his case.

3. MASTER AND SERVANT—CHARGE THAT THERE COULD BE NO VERDICT AGAINST DIRECTOR GENERAL OF RAILROADS WITHOUT VERDICT AGAINST FOREMAN HELD ERRONEOUS.—In a section hand's action against the Director General of Railroads and a foreman, who ran a new hand car into an old one on which plaintiff was riding, a charge that there could be no recovery against the Director General without recovery against the foreman was erroneous, for the foreman might not have been responsible for the defective condition of the old car, and the jury, instead of treating the foreman's act as the cause of the injury, might have determined the condition of the car to be the cause.

Before RICE, J., Colleton, Spring term, 1919.  Reversed.

Action by Edward Grant against the Director General of Railroads, substituted for the Atlantic Coast Line Railroad Company, and another.  From a judgment for plaintiff, the defendant, Henry Hiott, appeals.

*Messrs. W. Huger FitzSimons* and *L. B. Houck,* for appellant.  *Mr. Houck* submits: *It was error to allow the following amendment to the "Case" for appeal: "It is not denied by the attorneys for the defendant that prior to and at the time of the assumption by the government of the control of the Atlantic Coast Line Railroad Company, W.*

*Huger FitzSimons, Esqr., and L. B. Houck were serving said railroad company as its division and local counsel, respectively, and after said assumption of control by the government, their respective employments were continued on behalf of the government, their field of employment including Colleton county:* Supreme Court Rule 5, secs. 3 and 4. *The Court erred in permitting the complaint to be amended by striking out the A. C. L. R. R. Co. and insert-ing in lieu thereof the Director General of Railroads, the amendment being allowed at the trial, without previous notice, and the case forced to trial against protest:* Code of Civil Procedure 1912, sec. 224; 60 S. C. 477; 38 S. E. 160; 42 S. C. 388; 20 S. E. 197; 55 S. C. 224; 33 S. E. 2; 25 S. E. 441; 80 S. C. 213; 61 S. E. 396; 21 S. C. 242; 53 Am. Rep. 669; 19 S. C. 560; 13 S. C. 397; 13 S. C. 491; 99 S. E. 846; 100 S. E. 148. *The Court erred in charging the jury that they could not bring in a separate verdict:* 1st Mill. Const. 165; 60 S. C. 56; 65 S. C. 341; 43 S. E. 816; 104 S. C. 266; 88 S. E. 739.

*Messrs. D. B. Peurifoy* and *Padgett & Moorer,* for respondent, cite: *As to the jurisdiction of the Court to allow pleadings to be amended by striking out parties plaintiff or defendant:* Code of Procedure 1912, sec. 224; 13 S. C. 491; 13 S. C. 397; 5 S. C. 288; 28 S. C. 382; 18 S. C. 411; 20 S. C. 486; 48 S. C. 564; 67 S. C. 229; 71 S. C. 421; 81 S. C. 495; 80 S. C. 466. *It did not matter to either the Atlan-tic Coast Line Railroad Company which of them was being, sued as defendant, so long as the Federal funds were going to pay the judgment in any event:* General Order No. 50; Act of Congress, March 21, 1918, sections 10 and 12; "Bul-letin No. 4 (Revised)," issued by the U. S. Railroad Admin-istration, Director General of Railroads, pp. 39 and 59; General Order No. 37a, issued by the Director General; 80 S. C. 466; 100 S. E. 148. *This is a suit against the govern-ment regardless of the name in which it is brought:* 58 L.

Ed. 1507.; 185 U. S. 38; 46 L. E. 954-962; 204 U. S. 331-333; 51 L. Ed. 510; Act of Congress entitled "An act to provide for the operation of transportation systems while under Federal control," etc., approved March 21, 1918, sections 10 and 12; General Order No. 50; General Order No. 50a; 99 S. E. 846; 254 Fed. 880; 235 U. S. 231, 234; 35 Sup. Ct. 49; 59 L. Ed. 207; 197 Fed. 144, 146; 116 C. C. A. 568; 42 L. R. A. (N. S.) 1031; Proclamation of the President, dated December 26, 1917; General Order No. 1, of December 29, 1917; General Order No. 8, of February 21, 1918; General Order No. 40; General Order No. 48, of October 22, 1918; General Order No. 50. *General Order No. 50 provides and points out that the Director General, in regard to new suits brought thereafter, might be served with process by service on one of the operating officials, but there is no provision for the service of process upon any one whomsoever when amendments are made.* "*Pleadings in all such actions*" *may be amended by substituting the Director General of Railroads for the carrier company:* General Order No. 50. *The complaint, answer, demurrer and reply constitute our pleadings:* Code of Procedure 1912, sections 191, 193, 199 and 203. *The amendment could be made without requiring service of process:* 174 N. Y. Supplement 536. *Mr. FitzSimons and Mr. Houck, attorneys of the Atlantic Coast Line Railroad Company, are employees of the United States:* General Order No. 42, of August 31, 1918; General Order No. 48, of October 22, 1918. *It was not error to go to immediate trial after amendment as the Director General of Railroads could not have interposed any defense more than permitted to the Atlantic Coast Line Railroad Company:* General Order No. 50. *As to the Judge's charge to the jury that if they found a verdict for the plaintiff it must be against both defendants and not against one or the other of them:* 104 S. C. 206; 106 S. C. 20, and 109 S. C. 145, cited and distinguished. *As to exception to order settling case:* 110 S. C. 534.

April 14, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action was brought against the Atlantic Coast Line Railroad Company and a section foreman, Mr. Hiott, to recover damages for personal injuries.

The plaintiff was a section hand, working on the railroad and riding on a hand car in front of another hand car, on which Mr. Hiott was riding. The allegation of the plaintiff is that the car on which he was riding was old, hard to work, and slow; the car upon which the section foreman was riding was new and moved much faster; that the section foreman, Mr. Hiott, ran his car against the car upon which the plaintiff was riding with such force that it derailed the old car and injured the plaintiff; that the action was wilful and malicious, and was the joint act of the railroad company and Mr. Hiott.

The two defendants put in a joint answer, containing a general denial, and further pleaded that at the time of the injury, to wit, on July 23, 1918, the railroad, with all its property and employees, had been taken over and was being operated by the Federal government, and that the Atlantic Coast Line Railroad Company had nothing whatever to do with the management of its road, and that it was in no way responsible for the injury to the plaintiff.

On the trial of the case, after the jury had been drawn, the plaintiff moved to dismiss the action against the defendant railroad company, and substitute in lieu thereof the Director General of Railroads as the defendant. The defendants' attorneys objected, on the ground that they had received no notice of the motion. That while they did represent the Director General in many other cases, they were entirely without authority to represent him in this case. The attorneys for the defendants stated frankly that if they had received notice of the motion they would in all proba-

bility be authorized to appear for him; yet as a matter of fact in some cases they represented antagonistic interests, and the Director General employed other attorneys, but they had no authority to represent him in this case and could not do so. The amendment was allowed, and the attorney for the defendants was offered the opportunity to answer in behalf of the Director General at once. They declined to make what they deemed an unauthorized appearance. The Director General was declared to be in default, and the trial proceeded to judgment against the Director General and Mr. Hiott. Mr. Hiott appealed.

All questions as to Mr. Hiott's right to appeal from a substitution of a codefendant has been eliminated by the request of both sides, and of course, the Court will not raise it of its own motion.

1. In the preparation of the case the respondent proposed an amendment setting forth the fact that the attorneys representing the defendants here were the regular attorneys for the railroad company, and that their district included the place of trial, and that they had, in numerous cases, represented the Director General in the trial of causes. This amendment was allowed by the presiding Judge in the settlement of the case on appeal. From this allowance the defendant appealed. It was error, but harmless. The elimination of the railroad company eliminated the attorneys. They did not represent the Director General, and were unauthorized to appear for him in this case.

The error arises from a misapprehension of conditions. In the hurried legislation at the beginning of the war, the transfer of the management from corporate to Federal control, the railroad corporations were required by the government to defend suits. As soon as other matters were attended to, the government directed litigants to bring new suits and continue their old ones by making, not the corporations, but the Director General, a party. The necessity

for a substitution was recognized in this case by the attempt to substitute, and of that the plaintiff cannot complain. We have been cited to no authority, and we know of none, which allows a person to be made a party to a suit without an application by the one who desires to become a party of his own motion, or by legal notice, if he be made a party without his consent. The railroad corporation and the Director General are separate and distinct entities. It follows, therefore, that the order that attempted to make the Director General a party without his consent, and without notice, is error, and the exceptions that raise this question are sustained.

2. The presiding Judge told the jury that it could not find a verdict against the Director General, unless they also found a verdict against his codefendant, Hiott. His Honor also told the jury that, when one is in default, he admits the allegations of the complaint. This was not only misleading, but error. The jury might well have understood that the Director General admitted negligence, injury and the amount of damages, and, since they must find admitted fact, there must only be a verdict against the Director General, but against Mr. Hiott also. Failure to answer is taken as an admission in certain cases only. An action for damages is not one of them.

His Honor told the jury that the plaintiff must prove his case against the Director General, but the jury might be satisfied with much less proof of an admitted case than one earnestly contested.

3. One specification of negligence was the defective car upon which plaintiff was riding. There is nothing in the record to show that Mr. Hiott was responsible for the condition of that car. The jury may have thought the condition of the old car was the proximate cause of the injury. If so, then they might have found a separate verdict. This exception is sustained.

The judgment is reversed.