## 10503.

### CALHOUN v. SOUTHERN RY. CO. *ET AL.*

#### (106 S. E. 780.)

1. RAILROADS—CORPORATION NOT SUABLE FOR INJURIES OCCASIONED DURING FEDERAL CONTROL.—During the time a railroad was operated by the federal government for its own purposes and not for the benefit of the corporation, though under a contract to pay the corporation therefor, the corporation is not liable for injuries to a passenger occasioned by negligence of the government's servants operating its trains.

2. APPEAL AND ERROR—WRONG REASON FOR RIGHT DECISION DOES NOT REQUIRE REVERSAL.—That the trial Judge assigned the wrong reason for an order is not reversible error if the order was right.

3. RAILROADS—DIRECTOR GENERAL PROPERLY SUBSTITUTED AS DEFENDANT.—Where the cause of action for the death of a passenger arose and the action was begun while the railroad was operated by the federal government, but while the latter had authorized actions to be maintained against the corporation, the corporation could have the suit against it dismissed only by proper proceedings to have the Director General of Railroads substituted as defendant under the order made after the institution of the suit.

4. RAILROADS—COURT HAD JURISDICTION, THOUGH INJURIES WERE CAUSED BY SERVANTS OF FEDERAL DIRECTOR GENERAL.—A court is not deprived of jurisdiction of an action against a railroad corporation by the fact that the evidence showed that the injuries were caused by the servants of the Director General of Railroads, and not by the defendant corporation.

5. RAILROADS—JUDGMENT AS AGAINST DIRECTOR GENERAL ALLOWABLE.—A railroad company sued for the death of a passenger is not entitled to a nonsuit because the evidence showed conclusively that the negligence causing the death was that of the agents of the Director General of Railroads, and not of the defendant, where suit was properly begun against the railroad company

under the law then existing, and the Director General had not been properly substituted as defendant, but a judgment can be entered which would not affect the defendant corporation, but would operate as one against the Director General.

6.  RAILROADS—PUNITIVE DAMAGES NOT RECOVERABLE AGAINST GOVERNMENT.—A judgment against a railway company for death of a passenger occasioned by the negligence of the servants of the Director General of Railroads is in effect against the government, and punitive damages cannot be recovered against the government.

7.  APPEAL AND ERROR—PUNITIVE DAMAGES ALLOWED AGAINST GOVERNMENT AND INDIVIDUALS MUST BE SET ASIDE AS TO BOTH.— In an action against a railroad company and its employees for the death of a passenger, where the judgment for punitive damages as against the railroad company was in effect judgment against the government, and therefore invalid, the judgment for punitive damages must be set aside also against the other defendants.

Before TOWNSEND, J., Sumter, Spring term, 1919. Affirmed as to actual damages. Reversed nisi as to punitive damages.

Action by J. A. Calhoun as Administrator of the estate of J. A. Calhoun, Jr., against Southern Railway Co. et al. Judgment for plaintiff and defendants appeal.

*Messrs. Frank G. Tompkins and Lee & Moise,* for Southern Railway Co., cite: *Suit brought under Sec. 10, Act of Congress March 21, 1918, and before G. O. No. 50 of the Director General was issued. G. O. No. 50 has force and effect of a law:* 112 S. C. 407; 99 S. E. 846. *Relationship between Railroad and Director General was not that of Lessor and Lessee:* 112 S. C. 407; 99 S. E. 846; 113 S. C. 101; S. E. 924; 113 S. C. 188; 101 S. E. 926. *Proper construction of Sec.* 10, 260 Fed. 280; 259 Fed. 360. *Actual damages may be apportioned among joint tort feasors:* 1 Bay 11; 2 McMull, 184; 1 Mills Const. Rep. 333.

NOTE:—The publication of this case was held up pending an appeal to the U. S. Supreme Court where the petition was denied. See Advance Opinions No. 14, June 1. 1921, page 584.

                                        REPORTER.

*Messrs. Nelson & Gettys,* for J. O. Meredith, cite: *Jury may apportion damages among several defendants—joint tort feasors:* 1 Bay 11; 1 Brev. 503; 2 McMull, 184. *Sec.* 10 (U. S. Comp. St. 1918, Sec. 3115-3-4j) *is unconstitutional:* 175 N. Y. Supp. 846.

*Messrs. John H. Clifton and Jennings & Harby,* for respondent, cite: *Suit brought before G. O. No. 50 was issued, and it is not retroactive. Under Sec.* 3099, 1 Civ. Code ,1912, *Railroad liable. Defendant waived jurisdiction of the Court:* 97 S. C. 56. *Court had jurisdiction when action commenced:* 112 S. C. 407; 99 S. E. 846 113 S. C. 236; 101 S. E. 924; 100 S. E. 148. *Words in a statute will be given their ordinary meaning:* 25 R. C. L. 988; 7 Rich. Eq. 518. Meaning of "may:" 26 Cyc. 1590; 36 Cyc. 1114; 75 N. Y. Sup. 976. *Its use gave the Court the right to grant or refuse the application:* 12 Ohio St. 189; Words & Phrases, Vol. V. 9433; 77 S. C. 410. *Doubt will be solved against giving a statute retroactive effect:* 25 R. C. L. 787; 191 U. S. 543; 48 L. Ed. 298; 102 U. S. 620; 73 Fed. 239; 46 L. R. A. 264; 13 Rich. 284; 11 S. C. 323; 255 Fed. 795. *Carrier liable on suit arising under Federal Control, but before issuance of G. O. No. 50:* 112 S. C. 407; 113 S. C. 236; 100 S. E. 148. *Federal Control legal:* 250 U. S. 135; 63 L. Ed. 897; Comp. St. 1918, No. 3115-3/4a et seq. *Court stenographer should be present to make a record of what the Court said:* 98 S. E. 845. *But absence is not reversible error unless appellant can show prejudice:* 56 S. C. 3780. In this case Judge recharged the jury: 89 S. C. 98. *Even an erroneous charge could be thus corrected:* 43 S. C. 114. *Matters in argument left largely to discretion of Court:* 47 S. C. 498; 87 S. C. 425. *Judge followed correct practice in having jury remodel its verdict:* 5 Rich. L. 244; 37 S. C. 158; 1 Rich. 483; 14 S. C. 396; 46 S. C. 414; 77 S. C. 53; 1 McC 24; 1 McC. 525; 7 Rich. 412; 32 S. C. 45. *No ground on which verdict should be reduced:* 100 S. C. 38; 96 S. C. 278; 95 S. C. 356.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for death by the wrongful act. The deceased was a passenger on traian No. 18, on the 25th of February, 1918. Train No. 18 was followed by train No. 42. Train No. 18 stopped to fix the air brakes, and the conductor sent a brakeman back to stop train No. 42. The brakeman did not put out the required signals, and train No. 42 ran into train No. 18 and killed the deceased, J. A. Calhoun, Jr. On the date of the tragedy the Southern Railway was operated under government control. On the day of the accident and at the commencement of this action, the government had constituted the railroads its agents to defend such actions as this. See *Grant v. Director General of Railroads,* 114 S. C. 89, 102 S. E. 854. The railroads were not operating their roads. The government had taken complete possession and were operating them, not for the benefit of the corporations, but for the public good. The railroad companies did not resist. It was useless to do so. They simply submitted to the inevitable. It is true there was a contract between the government and the railroad companies, but the possession and control was not by virtue of the contract, but by the power of the government. This change produced much uncertainty and confusion. It took some time to adjust matters. The government at first directed suits to be brought against the companies. This was merely for convenience. In times of invasion the enemy governments take charge of railroads in the invaded country and operate them. It is manifest that a company whose property was in the hands of an enemy cannot be held responsible for damages caused by the enemy. The fact that the railroads were in the hands of and were being operated by our own government does not change the legal status. The possession,

operation and control was as completely beyond corporate control in the one case as in the other.

After a time, between the commencement of this action and the trial of the cause, the government directed new suits to be brought directly against the Director General, and not against the .corporations, and added that:

"The pleadings in all such actions at law, suits in equity, or proceedings in admiralty, now pending against any carrier company for a cause of action arising since December 31, 1917, based upon a cause of action arising from or out of the operation of any railroad or other carrier, may on application be amended by substituting the Director General of Railroads for the carrier company as party defendant and dismissing the company therefrom."

When this case was called for trial, the defendant, Southern Railway moved to substitute the Director General for itself. The substitution was refused, on the ground:

(1) That, notwithstanding the Federal control, the Southern Railway was still liable. This was error. The fact that his Honor assigned the wrong reason for his order does not make it reversible error. The Southern Railway had the right to have the case dismissed as to itself and the Director General substituted. This did not give a retroactive effect to the order. The action was properly commenced. The order allowed the defendant the right to be dismissed. That referred to the future conduct of the case. The substitution must be had by due process, as set forth in *Grant v. Director General.* There was no showing that the Director General could have been made a party at the time of the hearing. There was no showing that proper proceedings had been taken to substitute the Director General. The government order did not allow a simple dismissal of the defendant cor-

poration, but a substitution of one for the other. The government could have refused to be sued. It had the right to provide the method to be pursued, and did provide a substitution, and the record does not show that the proper steps had been taken. Unless the Southern Railway took the proper steps to have itself dismissed, the dismissal could not have been ordered.

(2) This appellant appeals because the Court had (it is claimed) no jurisdiction, in that the record shows it is not responsible for the death, in that it was not operating its road. That did not affect the jurisdiction. If it did, then a verdict for defendant would in all cases deprive the Court of jurisdiction, and deprive the defendant in future litigation of the plea of *res adjudicata.*

(3) The defendant moved for a nonsuit on the ground that the record shows conclusively that the negligence was the negligence of the agents and servants of the Director General, and not of this defendant. That was true, but we have seen the judgment would not affect the defendant company individually, but would operate as a judgment against the Director General. Suits in that form had been authorized, and the substitution had not been legally made.

(4) As to punitive damages: We have held that punitive damages are not recoverable against the government. The judgment against the railway company is in effect a judgment against the government; therefore, in so far as it awards punitive damages against the company, it cannot be sustained. And it cannot be sustained against the other defendants, on the principle decided in *Webber v. Jonesville,* 94 S. C. 189; 77 S. E. 857. But plaintiff has the right to pursue the other defendants for such damages. Therefore there must be a new trial as to punitive damages, if plaintiff be advised to pursue Locklair and Meredith for such damages.

The judgment of this Court is that the judgment of the Circuit Court as to actual damages be affirmed, and that it be reversed as to punitive damages, and a new trial be had as to punitive damages, unless plaintiff shall remit on the record all punitive damages recovered within 20 days after the filing of the remittitur in the Circuit Court, in which event the judgment will stand affirmed.