## 11452

### FARR v. STEELE *ET AL*

#### (121 S. E. 792)

1. EMINENT DOMAIN—OWNER'S REMEDY BY ACTION AT LAW FOR LAND TAKEN FOR COUNTY USE WITHOUT CONDEMNATION.—Where the agent of the county took petitioner's land for the use of a public road without taking any steps to condemn it, they are trespassers, and petitioner's remedy is by an action at law, and not under Civ. Code 1912, § 1933, relating to condemnation.

2. HIGHWAYS—STATE HIGHWAY COMMISSION NOT AUTHORIZED TO CONSTRUCT STREETS WITHIN TOWN.—Civ. Code 1922, § 3056, authorizing the State Highway Commission to maintain such streets in certain towns as it may have adopted into the State Highway System, with the consent of the municipal authorities, does not authorize the Commission to construct such streets; nor has the Commission any right of condemnation within such towns.

3. HIGHWAYS—JURISDICTION OF COUNTY AND HIGHWAY COMMISSIONERS DOES NOT EXTEND TO TERRITORY WITHIN TOWNS.—The jurisdiction of county commissioners and the State highway commissioners does not extend to territory within the limits of incorporated towns; hence they have no right or power to open a new street or road within a town.

Before DEVORE, J., Lexington, August, 1923. Affirmed in so far as order refusing mandamus.

Mandamus by Julia S. Farr against George E. Steele and others, as the County Board of Commissioners for Lexington County. From an order denying petitioner's motion, petitioner appeals.

*Messrs. James S. Verner* and *Douglas McKay,* for appellant, cite: *Opening of new roads,* Sec. 2907, Sec. 4523, Vol. 3, Code, 1922. *Condemnation proceedings* 96 S. C., 24; 53 S. C., 86; 64 S. C., 455. *Authority of State Highway Commission Acts:* 1920, 1075; Acts, 1922, 962; Sec 3049-74, 4532, 3054-56 Vol. 3, Code. 1922. *Compensation:* 111 S. C., 121; 118 S. C.,

Note—On right of one whose property has been taken for public use without condemnation proceedings, to maintain action for compensation or for permanent damages, see note in 28 L. R. A. (N. S.), 968.

*Messrs. Efird & Carroll,* for respondent, cite: *State High-way and County Board of Commissioners has right to locate highway:* Acts of 1920, 1075; Acts, 1922, 962. *Con-demnation of property in Cherokee County:* Acts 1919,. 493; 494.

March 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE. FRASER.

This is a proceeding in mandamus to require the county board of commissioners for Lexington County to take proceedings in condemnation to fix the amount due to the petitioner for certain lands of the petitioner located in the town of Cayce, in said county, taken by it for a public highway running through said town. The petition alleged that no notice had been served upon the petitioner, and that said land had been taken without the knowledge or consent of the petitioner. The respondent denied that the petitioner was the owner of said land, and. denied its liability for the compensation. Upon the hearing of the motion, the following order was passed:

"The petitioner, Julia S. Farr, presented her petition in this court, alleging substantially that she was the owner of the lot of land described therein; that the county commissioners for said county had caused to be constructed across said lot of land a highway without the knowledge or consent of the petitioner; that the same was being used as a part of the highway system of said county; that the said commissioners had not condemned the land so appropriated, and upon her request had failed to condemn it or to pay her for the taking; and praying that a writ of mandamus do issue out of this court requiring the respondents. to assess the damages to which she is entitled for the taking.

"A rule was issued by Judge Dennis, requiring the respondents to show cause why the writ should not issue.. The matter came up for hearing before me at Edgefield, on July 5th, by agreement between the parties.

"The respondents by way of return and answer to the petition, deny the petitioner is the owner of the land in question; allege that in 1921, they made a contract with one Teague to build a highway from the town of New Broookland to a point near the Calhoun County line, under the direction and supervision of the State Highway Commission and in the building of said highway, they are advised, the said highway was built across the lot of land described in the petition which lot is situated in the town of Cayce, in said county, and in so locating the said road a strip of land 350 feet long and 36 feet wide was used by the contractor; that the said contract provides that the work should not be commenced until the right of way had been obtained; that the right of way for the road had been obtained over a certain street in the town of Cayce, but the contractor did not so locate the road, but over the lot of land in question; that they did not notify the petitioner, nor condemn the same; that the petitioner has demanded compensation, but they have not paid her, nor taken any steps to condemn; that they are advised that the strip of land lies in the incorporate limits of the town of Cayce, over which territory they have no jurisdiction, and if the petitioner is entitled to compensation either the town of Cayce or the State Highway Commission is liable therefor.

"It is admitted for the purposes of this motion that the petitioner is the owner of the land in question, and that the same is situate within the corporate limits of the town of Cayce. The jurisdiction of county commissioners does not extend to territory within the corporate limits of incorporated towns, but the towns themselves have jurisdiction over the streets and ways therein, except that the State Highway Commission is authorized by Acts 1920, p. 1075, to construct highways over streets in towns of less than 1,000 inhabitants, which by the Acts of 1922, p. 962, has been extended to towns of 2,500 or less. It was admitted at the hearing that the town of Cayce had less than 1,000 inhabi-

tants. So if the county commissioners, by their agents, entered upon lands within the corporate limits of the town, and appropriated private property for the use of a highway, they were acting without authority, and are trespassers.

"It is ordered that the motion be refused.

"Within 10 days of receiving notice of the filing of said order, the attorneys for the petitioner served notice of their intention to appeal to the Supreme Court from the said order, and thereafter served the following exceptions."

The respective rights of the town of Cayce and the county board of commissioners for Lexington county are not involved in this proceeding. The land taken was not in the streets of the town. For the purposes of this proceeding the land taken was appropriated for the use of a public road of Lexington County. The Act of 1920 referred to provides for condemnation under section 1933 of the Code of 1912. That Section provides for condemnation before the "taking," and, if the agents of the county entered and took the land of the petitioner without taking any steps to condemn, they are trespassers. Section 1933 does not provide any remedy for the land owner whose land is taken without notice or consent, and the petitioner has an adequate remedy by an action at law.

In *Cureton v. Railway Co.,* 59 S. C., 377; 37 S. E., 916, we find;

"As the statute does not provide a mode by which the owner of the land can have the amount of his compensation determined, when he neither consents to nor permits the entry by the corporation, the Court of Common Pleas has jurisdiction, also, to determine the amount of compensation to which the owner is entitled in such cases."

The order, in so far as it refuses mandamus, is affirmed. This opinion does not indicate or intimate as to the party or parties against whom the action shall be brought.

MR. JUSTICE WATTS concurs.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (concurring in result): I concur in affirming the order of his Honor, Judge De Vore, dismissing the petition for mandamus, upon the following grounds:

With the exception of his holding that the State Highway Commission is authorized to construct highways over the streets of certain towns, I think that the decree of Judge De Vore is based upon the proper ground. Section 3056, Vol. 3, Code of 1922, authorizes the commission to maintain such streets in certain towns as it may have adopted into the State Highway System, with the consent of the municipal authorities. It does not authorize the commission to construct such streets, nor is there any right of condemnation given to it within such towns. It only gives this power outside of municipalities, where it can and must be done in the name of the county.

The circuit judge correctly held:

"The jurisdiction of County Commissioners does not extend to territory within the limits of incorporated towns."

It follows, therefore, that neither the State Highway Commission nor the County Commissioners had the right or power to open a new street or road within the town, and, in the language of the decree:

"So if the County Commissioners, by their agents, entered upon lands within the corporate limits of the town and appropriated private property for the use of a highway, they were acting without authority and are trespassers."

It may be an interesting question under the case of *Webber v. Jonesville,* 94 S. C., 189, 77 S. E., 857, whether or not the board of County Commissioners have laid themselves personally liable for such trespass; as to this question I express no opinion. I feel very sure, however, that in this proceeding it should not be adjudicated, as the opinion of Mr. Justice Fraser very clearly intimates, if not decides,

that the county must respond in damages upon the ground that "the land taken was appropriated for the use of a public road in Lexington County." I do not so understand the situation.