19707

Mrs. Annie Mae COLLINS, as Administratrix of the Estate of Conway
Collins, Respondent, v. Wade Ernest SMITH et al., Appellants
(200 S. E. (2d) 71)

*C. Weston Houck, Esq.,* of Florence, *for Appellants,* cites:

*C. W. Derrick, Esq.,* of *Derrick and Derrick,* Marion, *for Respondent,* cites:

October, 24, 1973.

BUSSEY, Justice:

Defendants have appealed from a verdict entered against them in the amount of $125,000.00, actual damages, for the wrongful death of plaintiff's intestate who died from injuries received when the automobile in which he was riding collided with a truck owned by defendants Collins Brothers Grain Company (Collins), and driven by defendant Smith.

Liability of Collins was based upon findings that Smith was operating the truck at the time of the collision as their agent or servant. Whether or not there was any evidence to sustain such finding presents the first question for decision. The relevant testimony is very brief, but, viewing such in the light most favorable to the plaintiff as we are required to do, we conclude that such is sufficient to give rise to a reasonable inference that Smith was operating the truck as the agent or servant of Collins at the time.

Smith was a farmer and Collins was engaged in the business of buying and selling grain. The truck driven by Smith was owned by Collins and was loaded with shelled corn which Smith was selling to Collins. The corn had been combined (harvested) by Collins for Smith and Smith was using the truck of Collins to deliver the corn to Collins' place of business. Both, Smith and Collins, denied any agency or employee relationship between them and testified that Smith had simply borrowed the truck to deliver the corn, since a truck owned by Smith was not available at the time.

While there was testimony that Smith had borrowed the truck to deliver his corn to the place of business of Collins for sale, Collins testified that it was customary in the operation of their business for them to let customers use their truck to haul grain being purchased by them. In brief, Collins had combined the corn, agreed to purchase it, and, as was customary in his business operation, furnished the truck to haul it to the place of business.

Under the foregoing facts and circumstances, the jury was justified in concluding that Collins and Smith had entered into an agreement for the harvesting, sale and purchase of Smith's corn and that, in furtherance of their contract of sale, Smith was using the truck of Collins. The truck was customarily so used by customers from whom Collins purchased grain. It is reasonably inferable that the furnishing of the truck to their customers was an inducement to, farmers to sell their grain to them and, thus, a benefit to Collins. Proof that the truck was being used in the performance of the agreement which Collins had with Smith established a *prima facie* case of master and servant. *Keen v. Army Cycle Mfg. Co.,* 124 S. C. 342, 117 S. E. 531; *Watson v. Kennedy,* 180 S. C. 543, 186 S. E. 549; *Norris v. Bryant,* 217 S. C. 389, 60 S. E. (2d) 844.

Only Collins and Smith knew of the real relationship between them. The fact that their denial of any agency relationship was not contradicted by direct evidence did not make it undisputed so as to require the court to direct a verdict. Under the present record, the jury was properly allowed to weigh the testimony of Collins and Smith in the light of all of the evidence and the reasonable inferences that might be drawn therefrom.

Defendants further contend that even if there was sufficient evidence of agency to, warrant the submission of that issue to the jury, the trial judge erroneously failed to properly charge the jury with respect to such issue. We deem this contention to be meritorious. His Honor charged the jury

that the liability of Collins, if any, was predicated upon the conduct of Smith allegedly acting as their agent. He charged the law with respect to the acts of an agent, within the scope of his authority and employment, being binding upon the principal and as to the presumption of agency arising upon one being found in possession of the motor vehicle of another and using it in the service of business of₁ the owner. His Honor failed, however, to charge the jury any essential principle as to what constitutes the relationship of principal and agent or master and servant. Such was called to His Honor's attention by counsel for defendants, who stated, *inter alia,* that:

"There is no charge whatsoever as to, what constitutes the question of control or any of the other elements of agency."

His Honor, however, declined to further charge the jury and in doing so, we think he committed prejudicial error. The effect of his charge was to give the jury no legal yardstick by which to determine whether or not Smith was acting as the agent of Collins other than the presumption arising from Smith's use of the Collins' truck. Such error requires a reversal and a new trial as to defendants Collins.

Under the circumstances of this case, it would be manifestly unjust to allow a judgment in the amount of $125,000.00 to stand against Smith alone, in the uncertainty that, if not yoked up with Collins, such a verdict would have been rendered against him. Under the principles enunciated in *Courtney v. American Ry. Exp. Co.,* 120 S. C. 511, 113 S. E. 332, and *Washington Gas-Light Co. v. Lansden,* 172 U. S. 534, 19 S. Ct. 296, 43 L. Ed. 543, the judgment below will be reversed and a new trial ordered as to Smith also. Cf. *James v. Western Union Telegraph Co.,* 130 S. C. 533, 126 S. E. 653; *Calhoun v. Southern Ry. Co.,* 115 S. C. 489, 106 S. E. 780; *Webber v. Jonesville,* 94 S. C. 189, 77 S. E. 857; *Beauchamp v. Winnsboro Granite Corp.,* 113 S. C. 522, 101 S. E. 856.

Counsel for plaintiff would distinguish the foregoing cases on the basis that there is in the present case no direct evidence as to the wealth of any of the defendants and no award of punitive damages, with the result that the relative financial standing of the defendants was and is not involved. It is true that there is no direct evidence as to the wealth of any of the defendants, but there is abundant evidence from which the jury could have readily inferred that the defendants Collins were indeed greatly more affluent than the defendant Smith. While only actual damages were awarded, the record would reflect only the scantiest evidence of pecuniary loss by the beneficiaries, the principal elements of damage being mental shock and suffering, wounded feelings, grief, sorrow, mental anguish, etc., intangible elements of damage the amount of which has to be largely left to the discretion of the jury, subject to the control of the court, there being no standard yardstick by which the extent of such damages might be admeasured. Under these circumstances, there would seem to be a clear probability that the verdict of the jury was higher than it would have been had it been against Smith alone.

Defendants contend that the judge erred in submitting the question of pecuniary loss to the jury. As above mentioned, evidence as to any pecuniary loss was, at best, scanty, but viewed in the light most favorable to the plaintiff, we cannot say that there was error in submitting such issue to the jury. Defendants contend that the trial court erred in failing to explain to the jury the difference between a "wrongful death action and a conscious pain and suffering action". Argument of counsel fails to convince us of any prejudicial error in this respect.

Defendants argue two other questions, which, however, will not necessarily arise again upon retrial of the case and we, accordingly, deem it unnecessary to discuss or pass upon the same.

The judgment below is reversed and the cause remanded for a new trial as to all defendants.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.