## 19953

Alcede N. GRAY, Respondent, v. GREEN CONSTRUCTION COMPANY OF INDIANA, INC., Appellant

(211 S. E. (2d) 871)

*C. Weston Houck, Esq.,* of Florence, *for Appellant,* 

*Messrs. Robert L. Kilgo,* of Darlington, and *J. Franklin Spears,* of Lamar, *for Respondent,* 

February 5, 1975.

Bussey, Justice.

The plaintiff-respondent in this action is the owner of a tract of land in Darlington County adjacent to the intersection of U. S. Highway I-20 and S. C. Highway 131. The action was commenced against the appellant Green Construction Co., which was engaged in performing a con-

struction contract with the South Carolina Highway Department, also a defendant. Respondent asserted damage to his property caused by the negligence, carelessness and recklessness of the appellant Green and a taking by the Highway Department of private property without just compensation therefor.

Upon trial the jury returned a verdict for the plaintiff in the amount of $3,500.00 against both defendants. Each of the defendants thereafter made a motion for judgment n. o. v., or, in the alternative, a new trial. The trial judge granted the motion of the Highway Department for a judgment n. o. v., but denied the motion of Green for judgment n. o. v., as well as its alternative motion for a new trial. Appellant's sole contention is that the trial court erred in failing to grant a new trial after granting the Highway Department's motion for judgment n. o. v.

It is argued that the verdict of the jury was influenced by the presence of the Highway Department in the case and that the jury would not have rendered the verdict it did if the appellant had not been yoked with the Highway Department. Such contention on the part of the appellant is predicated on the following decisions of this Court: *Webber v. Town of Jonesville,* 94 S. C. 189, 77 S. E. 857; *Beauchamp v. Winnsboro Granite Corp.,* 113 S. C. 522, 101 S. E. 856; *Courtney v. American Railway Express Co.,* 120 S. C. 511, 113 S. E. 332; *James v. Western Union Telegraph Co.,* 130 S. C. 533, 126 S. E. 653 and *Collins v. Smith,* 261 S. C. 334, 200 S. E. (2d) 71. In each of these cases a new trial was granted to one party because of the granting of a new trial or other relief to a co-defendant. Of these cases, *Webber, James* and *Beauchamp* are readily distinguishable in that there were verdicts for punitive damages involved, and as pointed out by Justice Hydrick in the *Webber* case, punitive damages are dependent in great measure upon the ability of the defendants to pay, and upon the discretion of the jury. He went on to point out, however, that,

"Nevertheless, in cases where the amount of the damages sustained as the result of a tort is certain, there might be no injustice in setting aside the verdict therefor as to one or more of the defendants, and allowing it to stand as to the other or others, for, the latter being both jointly and severally liable therefor, the plaintiff has the right to look to him or them alone."

In the *Courtney* case, an action for slander, the jury returned a verdict for $5,000.00 against the corporate defendant, as a principal, and a co-defendant as agent thereof. The opinion of the court does not reflect the precise nature of the verdict. If a general verdict, it could, and probably did, include punitive damages. On appeal the judgment was reversed as to the corporate defendant, the Supreme Court holding that the agent was acting outside the scope of his authority when the alleged slander was uttered. The court granted the co-defendant agent a new trial, relying, *inter alia,* on the doctrine of *Washington Gas-Light Company v. Lansden,* 172 U. S. 534, 19 S. Ct. 296, 42 L. Ed. 543. We quote the following from that decision,

"Where the judgment is based upon a cause of action of such a nature that it might work injustice to one party defendant, if it were to remain intact as against him while reversed for error as to the other defendants, then we think the power exists in the court, founded upon such facts of possible injustice, to reverse the judgment *in toto,* and grant a new trial in regard to all the defendants."

In the *Washington Gas-Light* case, it should be noted that the U. S. Supreme Court endorsed its earlier decision in *Pennsylvania Railroad Co. v. Jones,* 155 U. S. 333, 15 S. Ct. 136, 39 L. Ed. 176. In the latter case the court decided that there had been a failure to prove a cause of action against one co-defendant, while no such failure existed as to the other defendants, and set aside the judgment as to the one defendant but permitted it to stand against the

others, the precise situation which exists here. In that case the court saw no reason or circumstances which would warrant relief to the other defendants.

The *Courtney* case is readily distinguishable from the instant case, we think, because there was a substantial verdict against a large corporation and an individual employee, which included damages which were largely discretionary, and possibly, if not probably, punitive damages. If the individual defendant had not been granted a new trial he would have been held liable for a verdict which the jury most probably would not have returned against him, alone.

The remaining case relied upon by appellant is *Collins v. Smith,* 261 S. C. 334, 200 S. E. (2d) 71. That was a wrongful death action in which the jury returned a verdict of $125,000.00 against Collins Brothers Grain Co. and the alleged agent thereof. On appeal Collins was granted a new trial for error occurring upon the trial and, under the special circumstances of that case, the court ordered a new trial as to the individual defendant although there was no trial error as to him. In doing so, however, the court pointed out the special circumstances involved, none of which are present in the instant case. Such circumstances included evidence from which it could have been inferred that the defendants Collins were greatly more affluent than the defendant Smith; while only actual damages were awarded, the record reflected only the scantiest evidence of any pecuniary loss; and the principal elements of damage being intangible ones, the amount of such had to be largely left to the discretion of the jury, subject to the control of the court, there being no standard yardstick by which the extent of such could be measured. The court pointed out that under these circumstances there was a clear probability that the verdict of the jury was higher than it would have been had it been against Smith alone.

> In the instant case the record on appeal does not contain the evidence, but from the order of the trial judge it appears that there was evidence from which

the damages allegedly sustained by the plaintiff to his land and crops were capable of reasonably, accurate calculation by the jury and the verdict was for only actual damages. The case is, we think, clearly distinguishable from all of the cases relied upon by the appellant in that there are no special circumstances which would give rise to the probability that the verdict would have been any less had the appellant Green been sued alone.

Absent special circumstances, none of which are present in the instant case, the general rule of modern law is as follows:

"Although the early common-law. rule was different, in most jurisdictions today, a judgment against multiple tortfeasors may be reversed as to one such defendant without affecting the judgment as to the others. * * * However, even under the 'modern' rule, the courts will not enter such a partial reversal where substantial justice requires a reversal as to all defendants, as where it appears that a different verdict would probably or possibly have been rendered against the remaining defendant if that defendant had been sued alone or if the jury had realized that the remaining defendant would be solely liable. * * * Where the verdict awards punitive damages, the courts have taken the view that on reversal of the judgment or the setting aside of the verdict as to one of several defendant tortfeasors, it must also be set aside as to the others."

5 Am. Jur. (2d) Appeal and Error, Sec. 950.

There is an annotation in 143 A. L. R. 7, which deals with the rules of the common law as to the effect upon one joint tortfeasor of the granting of a new trial or reversal of the judgment as to another joint tortfeasor and the development of the more modern and general rules of law prevailing today.

We conclude that there was no error in denying appellant's motion for a new trial and the judgment below is accordingly,

Affirmed.

MOSS, C. J., and LEWIS and LITTLEJOHN, JJ., concur.

NESS, J., not participating.