GARDNER v. SOUTHERN RY. CO. AND PIERSON.

TORT—NEGLIGENCE.—MASTER AND SERVANT are both jointly and severally liable for the wilful tort or for the negligence of the servant while acting for the master within the scope of his employment.

Before DANTZLER, J., Sumter, April, 1902.     Reversed.

Action by Samuel Gardner against Southern Railway Co. and Morgan B. Pierson. From judgment for defendants, plaintiff appeals.

*Messrs. Lee & Moise, Moise & Clifton,* and *H. Harby, Jr.,* for appellants, cite: *Question of wilfulness should have been submitted to jury:* 64 S. C., 491. *Also negligence of defendant company, although its servants were carrying out its orders:* 21 Ency., 1 ed., 151; 1 Jag. on Torts, 1 ed., 214; 3 Wall., 10.

*Messrs. Joseph W. Barnwell, B. L. Abney* and *E. C. Haynesworth,* contra, cite: *Plaintiff is confined to his proof of negligence:* 45 S. C., 278; 57 S. C., 433; 61 S. C., 170. *Cause of action for wilful tort is different from one for negligence:* 35 S. C., 486; 61 S. C., 170; 64 S. C., 491. *Joint tort feasors may be sued in one action and separate verdicts obtained against one or both:* 1 Mills Con. R., 333.

March 17, 1903.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This was an action against the Southern Railway Company and its engineer, Pierson, for damages for personal injuries alleged to have been sustained by plaintiff, while in the employ of the Sumter Compress Company, and engaged in loading a freight car of the defendant company with compressed bales of cotton, as the result of a violent collision of defendant's locomotive engine, operated by Pierson, against said freight car, causing the bales of cotton to be thrown against plaintiff while in said car, and breaking one of his legs.

The jury found a verdict for the defendants, and from the judgment entered thereon the plaintiff appeals upon one exception assigning error as follows: "The plaintiff excepts to the charge of his Honor to the jury in said case because his Honor concluded his charge as follows: 'It is alleged here, gentlemen, that the defendant company, the Southern Railway Co., and its codefendant, M. B. Pierson, its agent and servant, were negligent.   If its codefendant, M. B. Pierson, its agent and servant, was its agent and servant, and as its agent and servant was not guilty of negligence, there must be a verdict for the defendants.'   This charge, it is respectfully submitted, was erroneous.   *First.* Because the charge ignored the first cause of action of the plaintiff and eliminated any right to recover thereunder.   *Second.* Because the charge denied the plaintiff the right to recover against the defendant company, unless its servant, M. B. Pierson, was also guilty of negligence; whereas, the servant might have been entirely guiltless of all negligence in carrying out the instructions of the principal, but the principal might have been guilty of negligence or of wilful tort by reason of the acts complained of, although such acts were done through a servant who was not himself guilty of negligence or of wilful tort."   The charge complained of was made in response to defendant's request to charge as follows: "That in the present complaint the negligence alleged in both causes of

action is alleged to have been done 'By and through the defendant, Morgan B. Pierson;' and unless the jury find from the evidence that the negligence alleged was done by and through him, the plaintiff can recover nothing from the defendants."

The complaint alleged two causes of action, the first charging a wilful tort, and the second charging negligence. The third, fourth and fifth paragraphs in the first cause of action were as follows:

"3. That the collision that caused the injury as aforesaid resulted from the wilful, wrongful, wanton and malicious disregard of the rights and safety of the plaintiff while he was in defendant company's car, in the management and movement of the engine on the same track on which said car was standing, and in want of ordinary care on the part of the defendants for the life and safety of the plaintiff, to his damage five thousand ($5,000) dollars.

"4. That at the time and place when and where the plaintiff was injured as aforesaid, the defendant, Morgan V. Pierson, was and for a long time theretofore had been a servant of the defendant, the Southern Railway Company, in charge and control of its engines and trains, and then and there was and for a long time theretofore had been one of the engineers of said company, and that said wantonness, wilfulness and recklessness of the defendant company was done by and through the said defendant, Morgan B. Pierson, then and there in its employment, and the said wantonness, wilfulness and recklessness was the joint act of both defendants.

"5. The plaintiff further alleges that he is informed and believes that at several times from time to time shortly before the injury he complains of was inflicted on him, the defendant had, in total disregard of the rights and safety of the servants of the said compress company, in shifting and moving about on said railway track with its locomotive engine, wilfully, wantonly and maliciously collided with other cars in like situation to the car in which the plaintiff was, and

in like manner run against other cars as aforesaid, and that the defendant had been warned by the said compress company to desist from so doing; but that notwithstanding said warning, the defendant did cause the engine to collide with the car in which the plaintiff was engaged in working in the manner as aforesaid."

In the second cause of action the same acts were alleged as in the first cause of action, but instead of alleging that said acts were wantonly and wilfully done, it was alleged that they were carelessly and negligently done. The complaint was evidently drawn in view of the decision of this Court showing a broad distinction between an action based upon a wanton or wilful breach of duty and one based upon negligence, which involves merely an inadvertent breach of duty. The first cause of action alleged a wilful trespass, and respondents properly concede that ever since *Chanet* v. *Parker,* 1 Mills Con. Rep., 333, it has been familiar law in this State that joint tort feasors may be sued in one action and a recovery had against one or more of them. In the case of *Schumpert* v. *Southern R. R. Co., and Hutchison,* recently decided, we had occasion to consider the liability of master and servant for the negligence and misconduct of the servant within the scope of the agency, and in that case it was shown that the liability of master and servant for the wilful tort, or for the negligence of the servant while acting for the master within the scope of his employment, was both joint and several. The Circuit Court, therefore, erred in instructing the jury that there must be a verdict for the defendants, if Pierson, the agent or servant, was not guilty of *negligence.* Under this charge the jury would have been bound to find in favor of both defendants, even though they believed that either or both defendants did the acts complained of wantonly or wilfully, as alleged in the first cause of action.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.