8707

NUNNAMAKER v. SMITH'S.

1. SLANDER—PARTIES.—A CORPORATION and its agent using slanderous words about another may be joined as parties defendant in an action for slander.

2. IBID—DEMURRER.—Where it is alleged that words and acts taken together charge a crime whether they constitute a cause of action for slander should not be determined on demurrer.

Before FRANK B. GARY, J., Richland, June, 1913. Affirmed.

Action by Mary Nunnamaker, by guardian *ad litem,* against Smith's and H. K. Smith.    Defendants appeal.

*Messrs. Melton & Belser* and *Edward I. Craig,* for appellants, cite: *This action should not be maintained against the defendants jointly:* 141 N. W. 515; Newell 382; Odgers 601; Townsend 99; 25 Cyc. 434; 24 L. R. A. (N. S.) 955;

9 B. Mon. 198; 19 R. I. 496; Cooley on Torts 124; 59 S. 647. *Words used are not actionable:* Newell 41; 80 Mo. 367; 75 Ala. 158.

*Mr. D. W. Robinson,* contra, cites: *A corporation and an individual may be joined in such action:* 62 S. E. 774; 18 Ency. 1057, 1059; 98 N. C. 43; 35 L. R. A. 622; 65 S. C. 338; 65 S. C. 344; 28 L. R. A. 440; 179 U. S. 131; 200 U. S. 214; 25 Cyc. 427; Odgers 371; 45 S. E. 875; 95 S. C. 124. *Examples:* 82 S. C. 818; 98 N. C. 34; 172 U. S. 534; 69 L. R. A. 103; 42 L. R. A. (N. S.) 517. *Words actionable per se:* 76 S. C. 512; 2 Rich. 583; 93 S. C. 475; 27 L. R. A. (N. S.) 1038; 22 S. C. 374; 72 S. E. 451; 116 N. C. 470. *No allegation or proof of special damages necessary:* 16 S. C. 436; 22 S. C. 376; 37 S. E. 157; 82 Va. 239; 12 S. E. 644. *Defendants are also guilty of false arrest and detention and forcible trespass:* 73 S. C. 186; 81 S. C. 223; 76 S. C. 214; 7 L. R. A. (N. S.) 928. *Causes of action are properly joined:* Code of Proc. 216; 73 S. C. 189; 82 S. C. 559; 64 S. C. 495; 65 S. C. 225, 126; 47 S. C. 214.

December 29, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for slander .

The important allegations in the complaint are: That the defendant, Smith's, is a corporation, and the defendant, H. K. Smith, is the president and treasurer of the corporation. That on or about the 7th day of September, 1912, the plaintiff, Mary Nunnamaker, was, and had been for some time previous thereto, employed by the defendant, Smith's, in the capacity of cashier in one of the places of business of said corporation, in the city of Columbia, "and in the evening of said date the defendants, through the defendant, H. K. Smith, said to and of the plaintiff, Mary Nunnamaker, in the office and place of business of said corporation, a public place, in the presence and hearing of divers persons who

were in there, that the plaintiff, Mary Nunnamaker, was $9.85 short in her sales-receipts cash—and asked her what she had done with this money, and told her that she would have to make the money good. He asked her how much money she had on her person, and she told him and showed him, and he took the money which she had, to wit, $4.75, and told her she must bring the rest of the shortage on Monday; told her she would have to make the money (shortage) good, placing another employee to watch her. Said he could not put up with that shortage and detained said plaintiff, Mary Nunnamaker, for a considerable length of time, endeavoring to make her produce the money."

5. "That the said defendant, by said language and conduct, meant to charge and did charge the plaintiff, Mary Nunnamaker, with the crime of stealing the money of Smith's, the said corporation, and the said language and conduct was so understood by those who were present and heard it, and the said charge was false, malicious and slanderous.

6. "That the defendants, then and there, by means of said language and conduct, intimidated plaintiff and restrained and prevented the plaintiff from going to her home until after midnight of Saturday night, and then turned her out of said store without money, and a long distance from her home and without any protection.

7. "That the said defendants, then and there, by means of said false charge and the conduct of said defendants, and the said intimidation, unlawfully, wilfully and with a high hand, took from the plaintiff, Mary Nunnamaker, four dollars and seventy-five cents ($4.75) of her own money and property.

8. "That the said defendant, H. K. Smith, committed the aforesaid wilful, wanton and wrongful acts in his own wrong and for the use and benefit of the defendant, Smith's, a corporation of which he was president and treasurer and active manager, and the said wrong was committed

in the presence of H. C. Smith, another officer of said corporation. And as plaintiff is informed and believes, the said corporation approved and took the benefits of said tortious and wrongful acts so committed by its codefendant."

The defendant demurred on four grounds:

1. "That the complaint alleged a joint liability against two persons.

2. "That the language is not actionable *per se* and there is no allegation of special damage.

3. "That there is no allegation that the charge is false.

4. "That there is no allegation of any fact that the defendant by the words alleged to have been used by them meant to impute to the plaintiff the commission of some criminal offense involving moral turpitude, for which the plaintiff, if charged, if the charge were true, might have been indicted."

The demurrer was heard by Honorable Frank B. Gary, and overruled. The defendant appealed upon four exceptions.

"The defendant excepts to the rulings of the Circuit Judge in overruling the demurrer to the complaint herein, upon the following grounds, to wit:

1. "Because his Honor should have held that the complaint alleges a joint liability against two persons in an action for slander, and that an action for slander cannot be maintained against two persons and should have dismissed the complaint." This exception is overruled.

There is no question here of the liability of a corporation for slander. The general rule is that two are not liable jointly for slander, even though they speak the same words. The reason for the rule is that when two speak the same words, there are two slanders and each is liable for his own slander. Where a wrong complained of is done by a corporation which can act only through an agent, then the

wrongful act is the joint act of the corporation and the agent, and both may be sued in one action.

See *Schumpert* v. *Southern Railway,* 65 S. C., p. 338, 43 S. E. 813 : "When one person invests another with authority to act as his agent for a specified purpose, all of the acts done by the agent in pursuance or within the scope of his agency are and should be regarded as really the acts of the principal. If, therefore, the agent, in doing the act which he is deputed to do, does it in such a manner as would render him liable for exemplary damages, his principal is likewise liable, for the act is really done by him. By legal intendment and effect the act of a servant within the scope of his agency is the act of the master. In such case there is a legal identification of the master and servant."

Here the words and acts complained of were one and the action is one.

2. "Because his Honor should have held that the language alleged to have been used by the defendant is not actionable *per se* and that the complaint contained no allegation of any special damages suffered by plaintiffs on account of said language, and should have held that the complaint did not state a cause of action and should have sustained defendant's demurrer."

4. "Because his Honor should have held that the complaint contained no allegation of any fact that the defendants, by the words alleged to have been used by them, meant to impute to the plaintiff the commission of some criminal offense involving moral turpitude, for which Mary Nunnamaker if charged, if the charge were true, might be indicted, and should have held that the complaint did not state facts sufficient to constitute a cause of action and should have sustained the demurrer."

These exceptions will be considered together. Neither can be sustained. The allegation is that the words and acts taken together charged a crime.

In the case of *Black* v. *State Co.,* 93 S. C. 467, 77 S. E. 51, this Court said these questions can rarely be determined on demurrer. That where the meaning is doubtful, it is a question for the jury. A person may be "short" as the result of incompetence or crime. The complaint alleges that the acts of the defendants showed they charged a crime. That made a question for the jury and the complaint was not demurrable on this ground.

3. "Because his Honor should have held that the complaint contained no allegation that the alleged statements by defendant to said Mary Nunnamaker that her cash receipts were short was false and untrue, and should have held that the complaint did not state a cause of action on that account and should have sustained the defendant's demurrer."

The complaint alleges "the said charge was false, malicious and slanderous." This exception is overruled.

The appeal is dismissed.