10714

LEE v. McCRORY STORES CORPORATION

(109 S. E. 111)

1. LIBEL AND SLANDER—ACCUSATIONS OF THEFT HELD ACTIONABLE.—Store manager's statement to employee in presence of another person, "You have stolen $3.70," *held* actionable.

2. CORPORATIONS—CORPORATION HELD LIABLE FOR SLANDEROUS STATEMENT OF GENERAL MANAGER OF ITS STORE TO EMPLOYEE.—Corporation *held* liable for slanderous statement by the general manager of its store to employee, accusing her of theft; the accusation having been made in the discharge of his duty as such manager.

3. NEW TRIAL—DENIAL OF MOTION OF DEFENDANT IN SLANDER CASE HELD NOT ERROR.—In action for slander by young girl employee of defendant, accused by manager of its store of stealing, Court's refusal to grant defendant a new trial *held* not error, in view of evidence from which it could be inferred that the girl had not in fact stolen the money, notwithstanding shortage shown by cash register.

Before WHALEY, J., County Court, Richland, September, 1920. Affirmed.

Action by Mildred Lee, by Guardian, against McCrory Stores Corporation.    Judgment for plaintiff and defendant appeals.

*Mr. Edward L. Craig,* for appellant, cites:  *Judge erred in intimating to jury that damages should be heavy*:   85 S. C. 536.  *Amount is for the jury*: Newell Libel and Slander (3rd. Ed.), Sec. 995; 25 Cyc., 530; 13 Cyc., 242. *Corporation not liable for slander by an officer unless it; directed him to use the slanderous words*: Ogden Libel and Slander, 368; 43 So., 210, (Ala.); 24 L. R. A., (N. S.), 957.  *Damages excessive where. alleged slander had not been published or repeated*:  2 McC., 237; 2 Rich., 354; 12 Rich., 254.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* for respondent, cite:  *Judge properly charged as to substantial damages*:   25 Cyc., 531; 72 S. E., 449 (N. C.); Newell Libel and Slander, 481.   *Corporation liable for slander*: 82 S. C., 315; 76 S. C., 294.   *Size of verdict is for trial Judge*:   81 S. C., 552; 8 S. C., 173; 82 S. E., 110 (Va.); Cheves, 17.

September 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for slander.   The plaintiff is a girl about 14 years of age.   She claims that she  applied to the. defendant for Saturday work; that she was engaged to work and worked on Saturday; that she did not draw her .pay on Saturday evening, but went back for it on the following Monday; that she applied to Mr. Butcher, the general man- ager of the store, for her money, but he refused to pay her, stating that she owed money to the store, as the cash register she had operated on Saturday was short $3.70 "I said I didn't see how it was, as particular as I was, and he said he had just seen that I had just stolen it."   The plaintiff's sister was present and corroborated the plaintiff.

Mr. ·Butcher, the defendant's witness, said that the de-defendant was a corporation with many such stores over the country; that he was manager and while his authority was restricted in some respects, he was in control of the local management of the store; that the plaintiff was employed by his assistant manager; that he saw the plaintiff on Sat-urday morning, and went to her and told that she had worked for the defendant before, and during her former employment her cash register was short; that he overlooked the previous shortage, but that he would hold her respon-sible for any future shortage; that he refused to pay her because the cash register was short, and denied that he had charged her with stealing the money. It was admitted that another clerk had used the same cash register. It was admitted that the shortage may have been due to mistakes of either clerk, or to the reading of the register. The question of fact was, Did Mr. Butcher charge the plaintiff ·with stealing the money?· The jury found that he did, and gave a verdict for the plaintiff of $1,875. From the judgment entered on this verdict the defendant appealed.

The appellant argues the questions:

1. "The presiding Judge invaded the province of the jury in instructing them that they must find gen-eral damages substantial in amount, if they found that defendant's employee had used the language set forth in the complaint."

The case of *Wilson v. Palmetto National Bank*, 113 S. C. 508, 101 S. E. 841, is full authority for the charge as made. The charges made the same distinction as to sub-stantial and nominal damages in both cases. This is a stronger case than the Wilson Case, in that an overdraft may be the result of carelessness. Stealing cannot be the result of a mistake. This exception is overruled.

II. The second question as made is:

"The undisputed evidence shows that the language al-leged to have been uttered by an employee, if spoken,

was the independent act of the employee, and defendant cannot be required to respond in damages therefor, and the jury should have been instructed to find for defendant."

This exception cannot be sustained. Mr. Butcher was in sole charge of the local business, and the words were spoken in the discharge of his duty as general manager. He reported every day the doings of the business. He kept her wages, and the company still has it. He was acting in this matter within the scope of his authority. Mr. Butcher was the vice principal.

III. The third assignment of error is:

"That in refusing to grant a new trial the presiding Judge failed to exercise the discretion required of him by the law."

There was no error here. It must be kept in mind that it is now a fact that the young girl was accused of stealing. The only evidence was the shortage supposed to have been shown by the cash register. There may have been a mistake by the clerk who read the cash register. The plaintiff may have made a mistake in making change. Not being familiar with the workings of the cash register, the plaintiff may have struck the wrong numbers. The other clerk who used this same cash register may have made the mistake charged to the plaintiff. Notwithstanding all these chances for making honest mistakes, the jury have found that the defendant, through its general manager, charged the plaintiff with stealing. There was evidence from which the jury might have inferred that this young lady received a terrible shock from a charge so cruel and so baseless.

The judgment is affirmed.