11803

MANN v. LIFE & CASUALTY INS. CO. OF TENNESSEE *ET AL.*

(129 S. E., 79)

1. LIBEL AND SLANDER—REMARK AS TO AGENT'S FAILURE TO TURN IN MONEY COLLECTED HELD SLANDEROUS.—Remark of insurer's superintendent at agent's meeting that former agent had failed to turn in money collected, and that money so withheld had been stolen, *held,* slanderous.

2. LIBEL AND SLANDER—WHETHER SLANDEROUS REMARK HAD REFERENCE TO PLAINTIFF HELD FOR JURY.—In former agent's action against insurer for slander, question of whether insurer's superintendent, in making alleged slanderous remark as to a former agent at an agents' meeting, had reference to plaintiff, *held* for jury.

3. MASTER AND SERVANT—MASTER LIABLE FOR SLANDER BY SERVANT WITHIN SCOPE OF EMPLOYMENT.—Master is liable for slander by servant, while discharging duties intrusted to him, in reference to particular matter in hand, and while acting within scope of employment.

4. MASTER AND SERVANT—RETENTION OF SERVANT WITHOUT KNOWLEDGE OF TORT NOT EVIDENCE OF RATIFICATION.—Retention of servant without notice of tort committed by servant was not evidence of master's ratification of tort.

5. INSURANCE—INSURANCE COMPANY HELD LIABLE FOR SLANDEROUS REMARK OF SUPERINTENDENT OF AGENTS.—Insurance company *held* liable to former agent for slanderous remark made by its superintendent of agents at meeting of agents, while discussing collection by agents of payments due on industrial insurance, regardless of whether it had ratified the slander; the remark having been made while superintendent was engaged in employer's business.

Before BONHAM, J., Richland, February, 1924. Order refusing to grant nonsuit and to direct verdict affirmed and order granting new trial reversed.

Action by R. F. Mann against the Life & Casualty Insurance Company of Tennessee and George A. Smith.

Verdict for plaintiff, and from an order granting a new trial as to the Insurance Company, the plaintiff and defendant, Smith, appeal; and from an order refusing to grant a nonsuit, and to direct a verdict, the defendant, Insurance Company, appeals.

Defendant Smith was superintendent of a district office of the defendant Insurance Company, and, as such, supervised the work of 17 or 18 agents, who sold industrial insurance and collected the weekly payments thereon.

The alleged slanderous remark was made at a meeting of the agents, which the evidence showed was attended by 12 agents. A number of the agents, who had been present at the meeting, testified that defendant Smith, in discussing collectons, referred to the "debit" plaintiff's successor was collecting, and stated that an agent, who had left the service of the company, had not turned in money collected, and that money not so turned in had been stolen.

*Messrs. A. F. Spigner* and *D. W. Robinson,* for plaintiff, cite: *Liability of master for slander by servant:* 125 S. E., 912; 120 S. C., 511; 113 S. E., 332; 24 A. L. R., 128; 117 S. C., 236; 109 S. E., 465; 82 S. C., 315; 64 S. C., 395; 21 L. R. A. (N. S.), 873; 17 Ann. Cas., 620; 231 Fed., 390; 145 C. C. A., 384; 135 Minn., 250; 160 N. W., 769; Newell on Libel and Slander (4th Ed.), Secs. 309 and 330; 2 Mechem on Corporations, Secs. 1652 and 1072; 1 Morawetz on Private Corporations, Secs. 726 and 730; 5 Fletcher on Corporations, Sec. 3347 and 1921 Supplement, page 517; 5 Thompson on Corporations (2d Ed.), Sec. 5541; 26 Cyc., 1526; 14-A C. J., 779; 17 R. C. L., 383, Sec. 135. *Liability of master for willful torts of servant:* 115 S. E., 900; 124 S. C., 28; 99 S. C., 467; 113 S. C., 522; 101 S. E., 856; 77 S. C., 548; 58 S. E., 608; 11 L. R. A. (N. S.), 822; 108 S. C., 217; 94 S. E., 490; 67 S. C., 431; 46 S. E., 47; 105 S. C., 290; 89 S. E., 655; 21 L. R. A., 279. *Liability of master for willful torts of agent:* 103 S. C., 433; 88 S. E., 31; 76 S. C., 217; 56 S. E., 908; 37 S. C.,

380; 16 S. E., 40; 115 S. C., 439; 106 S. E., 159. *Master or principal a corporation:* 103 S. C., 433; 88 S. E., 31; 82 S. C., 315; 64 S. E., 395; 21 L. R. A. (N. S.), 873; 17 Ann. Cas., 620. *Privileged communication:* 119 S. C., 241; 112 S. E., 110. *Authority of corporate agent:* 14-A C. J., 347. *Evidence of agent's authority:* 14-A. C. J., 773. *Question of fact* 14-A. C. J., 773; 127 S. C., 351; 121 S. E., 267. *Agent within scope of employment:* 125 S. E., 913; 99 S. C., 432; 83 S. E., 1088. *Ratification of agent's acts:* 106 S. C., 206; 90 S. E., 1019; 96 S. C., 187; 80 S. E., 1668; 105 S. C., 458; 90 S. E., 23; 189 U. S., 129; 47 L. Ed., 741. *Verdict erroneously set aside:* 114 S. C., 388; 103 S. E., 766.

*Messrs. Benet, Shand & McGowan,* for defendants, cite: *Slander by agent unauthorized and not ratified:* 43 Sou., 210; 9 L. R. A. (N. S.), 929. *Ratification:* 3 Mo. App., 503; Ann. Cas. 1912-C, 851; 93 S. E., 869; L. R. A. 1918-B, 151; 121 S. C., 407; 114 S. E., 402; 79 Tex., 457; 15 S. W., 459; 8 Ann. Neg. Cas., 651; 10 Cyc., 1208. *No contractual relation with party slandered:* 120 S. C., 511; 113 S. E., 355. *Agent without authority:* 200 Mass., 265; 86 N. E., 302. *New trial when one defendant non-suited by Appellate Court:* 120 S. C., 511; 113 S. E., 332.

July 15, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action commenced March 5, 1923, for damages for slander uttered by the defendants. The action was tried before Judge Bonham and a jury Februray 15, 1924, and resulted in a verdict for the plaintiff for $3,500. Subsequent thereto, upon motion of counsel for defendants, the Court set aside the verdict as to defendant Life & Casualty Insurance Company of Tennessee, upon the grounds set forth herein below. From this order the plaintiff appeals, and also the defendant, G. A. Smith, appeals. The de-

fendant, Life & Casualty Insurance Company of Tennessee appeals from the refusal of the Circuit Judge to grant a nonsuit and to direct a verdict.

The three exceptions raise two points: First, the trial Judge erred in setting aside the verdict as to the defendant, the Insurance Company, the alleged error being that the verdict was supported by the evidence; and, second. that the Judge erred in construing the law to be that there was no liability on the part of the defendant, the Insurance Company, because its employee, Smith, had been entrusted with no duty in regard to Mann, who had left the Company's employ before Smith came to Columbia, unless the Company ratified Smith's acts, and that there was no evidence that the Company had knowledge of the incident or had ratified the same. The Insurance Company's exceptions raise the questions that his Honor was in error in not granting a nonsuit, or directed verdict as asked for by it.

Smith's exceptions question the correctness of his Honor's ruling as to not granting a new trial as to him along with the Insurance Company as the action was for a joint tort. The evidence in the case satisfies us that the remark of Smith was slanderous and that Smith was acting in the scope of his employment. Smith was at the meeting called by him in the actual discharge of his duty to the Company. He was speaking of the agents' duty to the Company, urging them to collect the balances due the Company on the various debits, charging them with honesty and loyalty to the Company. Smith's testimony shows that his address to the agents was in the discharge of his duty to the Company. The testimony shows that Smith was adjusting the accounts or debits between the Company or Hollingsworth and Mann.

Mann had left the employment of the Company at the time the alleged slanderous remarks were made, but he had not had a final settlement with the Company.

There was evidence to submit it to the jury for their determination whether Smith's remarks were made about Mann and there was some evidence of ratification to go to the jury. Smith is still in the employment of the Company. There are no exceptions to rulings on evidence or his Honor's charge.

3    A master is liable for the slander uttered by his servant if at the time of uttering the slander the servant was engaged in the discharge of his duties intrusted to him in reference to the particular matter in hand and acting within the scope of his employment. *Jenkins v. Railway Company* (S. C.), 125 S. E., 912. *Hypes v. Railroad Company,* 82 S. C., 315; 64 S. E., 395; 21 L. R. A. (N. S.), 873; 17 Ann. Cas., 620. *Nunnamaker v. Smith,* 96 S. C., 294; 80 S. E., 465. *Lee v. McCrory Store Corporation,* 117 S. C., 236; 109 S. E., 111. *Courtney v. American Express Company,* 120 S. C., 511; 113 S. E., 332; 24 A. L. R., 128.

We see no error on the part of his Honor in not granting a nonsuit or directed verdict on the part of the defendant, Insurance Company, or in not granting a new trial as to Smith.

We do think he was in error in granting a new trial as to Life & Casualty Company of Tennessee on the grounds that he did, as being in conflict with the decisions of this Court.

The exceptions of the defendants are overruled, and the plaintiff's exceptions are sustained. The order of Judge Bonham granting a new trial as to the Insurance Company is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN and MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY, concur.

ON PETITION FOR REHEARING

MR. JUSTICE COTHRAN: Upon the petition of the Insurance Company for a rehearing, I have this to say:   I think

that the statement in the opinion of Mr. Justice Watts, "there was some evidence of ratification to go to the jury; Smith is still in the employment of the Company," should be stricken out as an incorrect statement of the law applicable to the facts of this particular case and unnecessary to the determination of the appeal.

It is an exceedingly harsh rule that the retention of a servant who has committed a tort within the scope of his employment, after discovery by the master of such tort, is some evidence of ratification by the master of such tort. It certainly does not apply where the master has no knowledge of the tort. In the case at bar there is no evidence of such knowledge, and for that reason I do not think that the retention of Smith in the Company's employment is any evidence of ratification of his alleged slander.

The petition for a rehearing discloses a misapprehension of the Court's position. The liability of the corporation for the alleged slander is based, not upon the fact that Smith was at the time engaged in some matter of business between Mann and the corporation, but in a matter of business between Smith and the corporation, the instruction of subordinate agents under his supervision. In this view of the matter it was immaterial whether the corporation ratified the slander or not. The above statement as to the ratification was, therefore, unnecessary to a determination of the appeal. In other respects I adhere to my concurrence and think that the petition should be dismissed.

A majority of the Court agreeing hereto, the modification suggested is ordered.

MR. CHIEF JUSTICE GARY, MR. JUSTICE MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY, concur.