15763

## MURDEN v. ATLANTIC GREYHOUND CORPORATION

(35 S. E. (2d), 33)

*Mr. L. A. Hutson,* of Orangeburg, S. C., Counsel for Appellant,

*Messrs. N. A. Turner,* of Columbia, S. C., and *Julian S. Wolfe,* of Orangeburg, S. C., Counsel for Respondent,

August 6, 1945.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court.

Appellant sued respondent and one H. H. Wannamaker for damages for slander, alleging that the latter was the agent of the former and that the alleged slanderous words were uttered within the scope of his duties as agent. Respondent's bus station in Orangeburg is in a former private residence, but centrally located in the city, and is the property of Wannamaker. It appears from the evidence that the lower floor is all used for the purposes of the station and there are a ticket office, white and colored waiting rooms, rest rooms and a lunch room. Mr. Wannamaker was in charge of all of these facilities. There was evidence that two other bus lines used the same station and he sold their tickets also, but they were not sued.

At the conclusion of appellant's evidence respondent moved for nonsuit as to it which was granted by the trial Judge by the following order:

"As I have said I very much dislike to direct verdicts and grant nonsuits, but I more dislike to shirk my duty. I don't think that there is any doubt about his being the agent of the Greyhound when he sold the tickets, but what he said to this lady had nothing to do with selling tickets. About when that bus driver came in there what she says he said to her at that time was purely about her occupancy of the rooms in that building. That was his private business. What he said to her was not within the scope of his authority in selling tickets. Selling tickets is an entirely different proposition. I will have to grant the nonsuit."

The case went to the jury against the agent alone and resulted in a mistrial. Thereafter this appeal from the quoted ruling of the trial Court was prosecuted.

Appellant and respondent are in agreement as to the single question involved in the appeal, which is whether the

Court erred in ordering a nonsuit upon the ground that when the agent uttered the offensive words he was not acting within the scope of his authority as agent for the Greyhound Corporation. Seldom does a principal authorize a slander or other tort, so the question can probably be better framed by asking whether the alleged tort was committed when the agent was about his duties as such and in furtherance of the principal's business.

The evidence for appellant, which must be construed most favorably to her for the purpose of the consideration of her present appeal, tends to show that she had rented two rooms upstairs, over the bus station, in the building which was owned by the agent, had redecorated them and was about to move in. She was eating lunch in the station when the agent approached her and made the first alleged slanderous remarks, whereupon she wept and was instructed by Wannamaker to come into the ticket office with him when she regained her composure for he had more to say to her; and she soon went there, where his son was also present. The following further recital of the facts evidenced by the testimony is taken from respondent's printed brief, beginning with the initial alleged slanderous statement made to and concerning appellant by Mr. Wannamaker:

" 'You are hanging around this bus station and you are hanging around the Sanitary Cafe; you keep girls at both places and that is the way that you earn your living.' After these statements the defendant Wannamaker stated to plaintiff that he had to go into the ticket office but for her to come there as he wanted to talk to her some more. She later went into the ticket office and after some questioning as to her family history, she testified that Wannamaker made the following additional statements: 'That brings back something—once you relieved your Cousin Perry Smoak of quite a sum of money when he was drunk.' She testified that dur-

ing the conversation, one of the bus drivers of the Atlantic Greyhound Corporation came into the ticket office and asked Mr. Wannamaker about some baggage; that Mr. Wannamaker interrupted his conversation with the plaintiff to look for the baggage and upon not finding it, told the bus driver that it was not at the station. She further testified that Mr. Wannamaker interrupted the conversation with her at another time to sell a ticket, but she did not state for which of the three bus lines the ticket was sold.

"Plaintiff also testified that Mr. Wannamaker, in his conversation with her, stated: 'I have a big responsibility here with this Greyhound Bus Line,' and, 'You will ruin their business.'"

The following is taken from the opinion in *Mann v. Life & Cas. Ins. Co.,* 132 S. C., 193, 129 S. E., 79, 80:

"A master is liable for the slander uttered by his servant if at the time of uttering the slander the servant was engaged in the discharge of his duties intrusted to him in reference to the particular matter in hand and acting within the scope of his employment. *Jenkins v. Southern Railway Company* [130] S. C. [180], 125 S. E., 912; *Hypes v. Southern Railroad Company,* 82 S. C., 315, 64 S. E., 395, 21 L. R. A. (N. S.), 873, 17 Ann. Cas., 620; *Nunnamaker v. Smith,* 96 S. C., 294, 80 S. E., 465; *Lee v. McCrory Stores Corporation,* 117 S. C., 236, 109 S. E., 111; *Courtney v. American Express Company,* 120 S. C., 511, 113 S. E., 332, 24 A. L. R., 128."

See also, *Tucker v. Pure Oil Co.,* 191 S. C., 60, 3 S. E. (2d), 547, where one of the questions on appeal related to the sufficiency of evidence for submission to the jury, as here.

The brief of respondent states the applicable rule of law as follows: "A corporation is liable for slander uttered by

its agent only while acting within the scope of his employment and in the actual performance of the duties of the corporation touching the matter in question." No objection to this statement is apparent, but the facts adduced in appellant's evidence required the submission of the issue to the jury. Because of the resulting necessity of a new trial we refrain from further discussion of the testimony and the reasonable inferences deducible from it.

Reversed and remanded for trial.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.