17295

J. CLINT McCLAIN, Respondent, v. WILLIAM R. ALTMAN, RUFUS U. ALTMAN, SR., and RUFUS U. ALTMAN, JR., d/b/a ANDERSON PRINTING COMPANY and FRANCIS W. ALTMAN, d/b/a ALTMAN PRINTING & PUBLISHING COMPANY, Appellants.

(98 S. E. (2d) 263)

*Messrs. Watkins, Vandiver & Freeman,* of Anderson, *for Appellants,*

*G. Ross Anderson, Jr., Esq.,* of Anderson, *for Respondent,*

May 16, 1957.

TAYLOR, Justice.

The sole question in this appeal is whether or not the Circuit Judge erred in overruling Appellants' demurrer to Respondent's complaint, the demurrer being that the complaint does not state facts sufficient to constitute a cause of action in that Appellants did not publish the alleged libel and, further, it does not appear from the allegations of the complaint that Appellants were in any manner legally responsible for the alleged publication.

The pertinent provisions of the complaint appear as follows:

"2. That upon the information, William R. Altman, Rufus U. Altman, Sr., and Rufus U. Altman, Jr., are a partnership doing business as Anderson Printing Company with its business establishment at 411-13 North Main Street, Anderson, S. C., and that the other named defendant, Francis Altman, is doing business as Altman Printing & Publishing Company, with its offices located at 421 West Market Street, Anderson, S. C.; that the two print shops are engaged in commercial and job printing and both of them are engaged in printing, or assist in the printing, or have an activity in printing of a weekly newspaper; that the last named defendant is the son of defendant, Rufus U. Altman, Sr., and brother to the other named defendants, and that both the said establishments work 'through and through' on numerous job orders.

"3. That plaintiff, as the Sheriff of Anderson County and being the Sheriff of said County for the past eight (8) years duly elected by the people of Anderson County, is now engaged in a campaign for re-election for Sheriff of said County; that among the duties required of the plaintiff is that of enforcing the laws relating to the sale illegally of liquor, and the illegal manufacturing of liquor and his duties are generally to maintain law and order, peace and dignity in the aforesaid County and State.

"4. That on Saturday night, June 9, 1956, or Sunday night, June 10, 1956, there was posted or caused to be posted, in numerous conspicuous places in Anderson County,

and more particular in and upon a pole in and near the First Baptist Church of Anderson, S. C., the following placard and sign, to wit:

'Welcome To
Anderson County The
Bootleggers' Paradise
Ample Water, Fire Woods, Shady Spots
and Protection'

"5. That the Sheriff in his official capacity as Sheriff caused an investigation to be made, and as required of him by Section 16-161 of the Code of Laws of South Carolina, and that such said investigation disclosed the following facts:

"(1) That the type for the above placard or poster was set at the place of business of the last named defendant on or about June 9, 1956, or thereabouts, and by persons unknown carried to the place of business of the first three named defendants and there printed; that one hundred (100) placards of the approximate size of 16 inches by 12 inches were printed bearing the aforesaid legends set forth in the paragraph above; that the same, as set, was printed by the agents, servants, and employees of the first three named defendants;

"(2) That after printing, the same was delivered by unknown persons, agents, servants and employees of first named three defendants to the place of business of the last named defendant.

"(3) That the last named defendant who had initially taken said order for the legend set forth in paragraph four (4) above, did thereafter make delivery to persons unknown unto this plaintiff, but known to defendants.

"(4) That plaintiff is informed that demand was duly made for the name of the individual who had placed said order, but the same has not been disclosed officially, and is therefore unknown unto this plaintiff.

"(5) That plaintiff is likewise informed and believes that the name of the person to whom the order was actually

delivered was not disclosed by any of the defendants, though they, it is believed, have means and information of furnishing such said information to this plaintiff, and that demand therefor has been duly made and refused, with the statement by an agent and employee of defendant, Altman Printing Company, that he would disclose same upon order of the Court.

"6. That pursuant to the libel laws of this State, plaintiff as the Sheriff of Anderson County and as candidate for re-election as Sheriff of Anderson County, alleges that the implication, insinuation and innuendo in the aforesaid published placard, thereafter viewed by members of the public, was to the effect that plaintiff had been giving protection to bootleggers; had been furnishing them with ample wood and shady spots whereby they might pursue their illegal, unlawful and wicked occupation and that such said placard as posted, was intended to, and did in fact apply to the plaintiff in his capacity as Sheriff of Anderson County and as candidate for re-election as Sheriff of the aforesaid County and that same was so understood by those that heard of it, or read it, or saw it; that at the time and place of the said publication, communication and display of said placard, the defendants knew, or by the exercise of any reason and care, should have known that said placard if printed, published and displayed, as was so done, would apply to the plaintiff, which it is alleged, did so do.

"7. That the defendants and each and every of them, combined and conspired together in printing or allowing to be printed, the aforesaid false and libelous placard and poster, all done in contradiction to the criminal laws of this State.

"8. That considering the context of the phraseology used, the nearness of the primary election itself which was held on June 12, 1956, the keen interest and attention of the people of Anderson County in the Sheriff's race for said County, the same was meant to charge this plaintiff by implication, suggestion, insinuation and innuendo that plaintiff was a law violator, dishonest, corrupt, and a 'Judas' in betraying

the interests of the public in plaintiff's official position as Sheriff of Anderson County; that he was unworthy of the confidence of the citizens; that the aforesaid printed publication and dissemination thereof by its publication and posting was calculated to falsely accuse J. Clint McClain, plaintiff, of harboring, protecting and giving immunity to bootleggers and other law violators with the further implication of furnishing said bootleggers with plenty of wood, water and protection; that said statements were calculated to damage J. Clint McClain's official capacity as candidate for re-election as Sheriff of Anderson County and to influence the voters against him, to crush and destroy his family, and ruin his position as a businessman, as a church member, and as a citizen.

"9. That the printed placard so published, is false and inflammatory, and that the defendants and each and every of them combined and conspired together to publish or allow the publication of same, with the intent, design and plan of injuring the plaintiff in his reputation, profession and calling and that such printing and its subsequent publication considering the proximity of the primary election on June 12, 1956, was meant to be and applied to this plaintiff and that all persons seeing same would know and did know that same referred to the plaintiff, and that by reason of the publication, plaintiff has been held up to contempt, reproach, and ridicule and that in so publishing the false and libelous statement aforesaid, these defendants meant, intended to mean and were understood by those who read it or heard of it, to mean that plaintiff harbored crooks and bootleggers, furnishing them with water, wood and protection.

"10. That defendants and each of them have refused to disclose upon proper inquiry, the name of the person who ordered said placard printed, and they have otherwise refused wrongfully to disclose the name of the person or persons to whom said placards were delivered.

"11. That by reason of the aforesaid printing and publication thereof, J. Clint McLain, plaintiff, has been greatly in-

jured in his good name and reputation and has been subjected to public ridicule, scandal, reproach, scorn, indignity, and has otherwise suffered great embarrassment, mortification and scandal all to his damage in the sum of One Hundred Ten Thousand and No/100 ($110,000.00) Dollars actual and punitive."

It is axiomatic for the purpose of demurrer that all allegations of the complaint must be taken as true; and when so considered, it clearly alleges that each of the Appellants "combined and conspired" in printing or allowing to be printed the alleged libelous placards or posters which by their very nature could have been intended for no purpose other than publication, thereby contributing to the chain of circumstances culminating in the alleged libel, *Nunnamaker v. Smith's,* 96 S. C. 294, 80 S. E. 465.

We are therefore of the opinion that the Order appealed from should be affirmed, and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.